## WAMMACK v. HOLLOWAY.

1. The act of the 3d of February, 1840, which makes it the duty of the judge of the Circuit Court, (in vacation, and without providing any mode for a trial by jury,) to hear and determine whether an election for sheriff, has been legally or illegally conducted, and to certify the fact, when ascertained, to the Governor, in order that he may commission the proper person when the election is legal, or direct a new election when the first is declared void, cannot be construed as conferring judicial powers on the judge of the Circuit Court. Such a construction would bring the statute in direct opposition to the constitution, as it would in that event create a tribunal to determine between the conflicting claims of individuals to the same office, without providing any mode by which the right could be determined by trial by jury.

2. Wherever the constitution provides for the election of any civil officer, by the people, the right to exercise the office is derived from the election, and the commission issued by the Governor, is only evidence of the right. If one is commissioned who has no right, he exercises the franchise without authority, and it may be resumed by the State, when its judicial tribunals have ascertained the fact of usurpation in the mode prescribed by law.

3. The right to exercise an office is as much a species of property, as any other thing capable of possession ; and to wrongfully deprive one of it, or unjustly withhold it, is an injury which the law can redress in as ample a manner as any other wrong ; and conflicting claims to exercise it, must be decided in the same manner as other claims involving any other right, if either of the claimants insists on a trial by jury.

4. The proper construction of the act of the 3d of February, 1840, is, that the judge of the Circuit Court acts in the character of a supervisor of the election, and ascertains the *prima facie* right of one of the claimants to the office, or rejects the claims of all, if the election is void, in order that the executive may issue the commission to him who appears to be entitled, if the election is legal, or that the executive may order a new election, if the first was void, so that the office may not remain vacant during the progress of a judicial investigation, to the detriment of the public.

5. Notwithstanding this act, any one who considers himself entitled to an office, by virtue of an election, can ascertain his rights by a *quo warranto.*

MOTION for a writ of error, from this Court to the judge of the second judicial circuit, to review his decision in the matter of a contested election, with respect to the office of the sheriff of Dallas county.

GEO. W. GAYLE for the motion, cited the act of the 3d February, 1840, and insisted that the powers conferred by it on

the judge of the Circuit Court, were judicial, and consequently any decision under it must be subject to revision by this Court.

EDWARDS, contra, relied on the case of Hill v. The State, [1 Ala. Rep. 559] and agreed that the act of 1840, was not distinguishable in principle from the one then construed.

GOLDTHWAITE, J.—1. The motion which has been submitted on behalf of Mr Wammack, requires an examination of a recent statute directing the manner in which certain elections may be contested.

The three first sections point out the mode, by which notice shall be given, and direct how evidence shall be taken; but as these are unimportant in the consideration which we shall give the statute, they will not be recited. The fourth section directs, "that it shall be the duty of the judge of the Circuit Court, after the coming in of the testimony so taken as aforesaid, to hear and determine whether the said election has been legally or illegally conducted, and if, in his opinion, such election has been lawfully conducted, he shall certify the fact to the Governor, who shall thereupon commission the person, in whose favour the certificate appears; and should the judge of the Circuit Court determine the election to be void, upon a full hearing of all the facts and circumstances, and certifying the same to the Governor, the Governor shall thereupon order a new election." The last section of the act repeals all laws contravening its provisions.

It cannot be denied, that the first impression made by the terms used in that act is, that it was intended to provide for an adjudication upon the respective and conflicting claims of individuals, to a right to exercise the offices which are enumerated in its first section, and amongst which is that of sheriff. If adjudication was intended, it is final, so far as the statute considers the subject, because immediate action is directed to be had, by the executive, on the certificate of the judge, and no mode is pointed out, by which the determination can be reviewed. Immediately after the adjudication, the whole subject passes from the judicial to the executive branch of the

government, and it is more than questionable, whether executive action, with respect to the commission or the new election, could be restrained, or the consequences of such action obviated, even if there could be a revision in this Court of the decision of the circuit judge. The act does not authorize any investigation into the facts connected with the election, by a jury trial, and if either party can lawfully require it, no means whatever are furnished by which it can be had ; besides it is very obvious that the statute contemplates, that the Governor shall act upon the opinion formed by the judge, and that too, without the verdict of a jury. If the Legislature intended, by this enactment, to create a tribunal to determine upon the conflicting claims of individuals to a right to exercise an office, without affording to the claimants the means of a jury trial, then our duty would be to declare it invalid, because in direct conflict with the constitution.

2. We think it will not admit of doubt, that whenever the constitution provides for the election of any officer, he derives his right to exercise the particular office from the election ; the commission from the executive, is only the evidence of the right. If one, who has no right, is commissioned, and acts, he exercises a franchise without legal authority; and it may be resumed by the State, whenever the judicial tribunals have ascertained the fact of usurpation in the mode prescribed by law.

3. An office is as much a species of property, as any thing which is capable of being held or owned ; and to deprive one of, or unjustly withhold it, is an injury which the law can redress, in a manner as ample as it can any other wrong. [2 Black. Com. 263. 2 ib. 36 4 Bac. Ab. Office, G 297.] An office being a species of property, it is evident that conflicting claims to the right to hold it, must be decided in the same constitutional manner, as all other claims respecting property. It is certainly true, that the old writ of assize of office, has long since fallen into disuse, by the introduction of the more convenient remedy, by information in the nature of a *quo warranto*, in which proceeding, the franchise, if usurped, is seized by the State, and then conferred on the rightful claimant. The redress is not the less efficient, because the suit is conducted in the name of the State.

The tenth section of the bill of rights provides, that no one shall be deprived of his life, liberty or property, but by due course of law ; and the twenty-eighth section ordains, that the right of trial by jury shall remain inviolate. It is apparent, if the latter section was omitted, then there would be no constitutional prohibition of laws, by which one might be deprived of life, liberty or property, if under the constitution, such a court was so constituted as to consist of one or more judges; but with that section, as it stands incorporated in our fundamental law, no citizen of the State can be deprived of, or debarred from the right of trial by jury, in all cases when it is allowed by the common law.

We need not cite authorities to prove, that by the common law, no one can be deprived of the right to exercise or hold a civil office, but by the judgment of his peers, as we have already shewn, that an office is a species of property.

These are some of the reasons which lead us to the conclusion, that this act is in violation of the constitution, if no other construction can be given it, than to consider it as investing an individual with authority, without securing any trial by jury, to adjudicate and finally determine on the validity of conflicting claims to the right to exercise an office.

4. We have before observed, that the first impression given by this act, is that it was intended to confer such an authority; but if the terms used will bear a construction consistent with the constitution, then our duty obviously is, so to construe it. The constitution is silent with respect to the manner in which elections are to be conducted ; and also as to the mode by which the Governor shall be informed who is the person elected, to whom the commission should be issued. Although the Governor cannot adjudicate on the conflicting claims of those who were candidates, yet, public convenience demands that the office should be filled, and he is required to commission the person who may be elected. In order that the Governor may have the necessary information to direct his action, the law, previous to the enactment of this statute, provided the necessary means, most usually, through the certificate of the returning officer. The statute we are now considering, belongs to the same class of legislation. We have already said, that the Governor cannot adjudicate, and must act. The information

which he derives from the certificate of the Circuit judge, is certainly entitled to as much weight as was the certificate of the returning officer under the previous laws. In neither case does the certificate affect the rights of any of the claimants; it merely gives the necessary information to the executive branch of the government, to enable it to act advisedly in issuing the commission. In our opinion, the proper construction of this statute is, that the judge of the Circuit Court acts under it in the capacity of a supervisor of the election, and ascertains the *prima facie* right of one of the claimants to the office, or rejects the claims of all, if the election is void; and this is done that the executive branch of the government may issue the commission to him who appears to be entitled, if the election is legal; and, that a new election may be directed, if the first appears, on the examination of the facts attending it, to be void. The necessity for such an examination, arises from the inconvenience which must result to the public, if such offices remain vacant during the progress of a judicial investigation.

5. It results from the construction which we give this statute, that Mr Wammack, if he considers himself entitled by the election to the office for which the commission has issued to another, can ascertain his rights by a *quo warranto*, as they remain unaffected by the decision of the Circuit judge.

The motion is denied.