## PETERS v. HEYDENFELDT.

1. Where the declaration shows that the action is founded on a contract for which the estate is not chargeable, and for which the administrator is personally responsible, the addition of " administrator" to the name of the defendant in the writ and declaration, will be considered a mere description of the person.

Error to the Circuit Court of Tallapoosa.

THIS was an action of assumpsit, by the defendant in error, against the plaintiff in error, as administrator of William Bryant.

In the declaration, the defendant is charged as being indebted to the plaintiff, for the work and labor, care and diligence of the plaintiff, as attorney and counsellor at law of the defendant, in prosecuting, defending and soliciting divers causes, suits and business, for the defendant, as administrator of William Bryant, and for fees due him in respect thereof.

The second count, on a *quantum meruit*, charges the services to have been rendered for the defendant, and upon his retainer in and about the prosecuting, defending and soliciting divers other causes, suits, &c. connected with, and arising from his administration of the estate of William Bryant, &c. and being so indebted, &c.

The defendant failing to appear, a judgment by default was taken, and writ of inquiry awarded, and the jury having returned a verdict in favor of the plaintiff, for nineteen hundred dollars. Judgment was rendered against the defendant *de bonis propriis*, from which he prosecutes this writ of error, and assigns for error,

1. That the suit is against the plaintiff in error, as administrator, and the declaration does not show any liability of the estate.

2. The judgment does not follow the writ and declaration.

JOHN H. PETERS, for plaintiff in error.

JOSHUA L. MARTIN, contra.

ORMOND, J.—The declaration shows very conclusively, that the action is founded on a contract made by the administrator, by which the estate could not be charged in this action, but for which he is individually responsible. The addition of " administrator," to his name in the writ and declaration, cannot vitiate, as for the reasons given, the declaration shows that he was not sued in that capacity. The addition, therefore, is a mere description of the person, and will not vitiate. It follows from this, that the judgment below was correct, and it is therefore affirmed.