## AVERETT v. THOMPSON.

1. When the court has jurisdiction of the subject matter, and renders a judgment, upon which an execution, regular upon its face, issues, it will be a protection to the sheriff acting under it, no matter how irregular the proceedings of the court may be.

2. In the absence of proof, it will be intended by the courts of this state, that the common law is in force in North Carolina.

3. Where an execution issues against T., who is described as the administrator of C., but the sheriff is required to levy upon the goods and chattels, lands, and tenements of T., the property of T. may be taken in execution.

Error to the County Court of Sumter.    Before the Hon. Preston G. Nash, Judge.

THIS was an action of assumpsit, on the common counts only, by defendant, against plaintiff in error.    A bill of exceptions, found in the record, discloses the following facts : After the defendant in error had introduced evidence, tending to show, that plaintiff in error had, as his agent, in Onslow county, North Carolina, sold certain property of the defendant, and received therefor the sum of $600, the plaintiff offered proof to rebut this evidence, introduced by defendant, and proved, that the only sale he had ever made of said property, was as sheriff of Onslow county, aforesaid, under an

execution issued from the superior court of Jones county, in the same state, against the defendant in error, and he produced in evidence an exemplification of the proceedings in the cause in which said execution issued, the contents of which, so far as they are necessary to be recited in order to a full understanding of this case, are sufficiently set out in the opinion of the court, except, that the judgment in the exemplification, appears to have been rendered against the defendant in error, for costs in a suit instituted by him as administrator of James Colvert, against one Daniel Thompson, a verdict, on the trial of the case, being given in favor of the latter.

The court below charged the jury, that the execution in North Carolina did not authorize the sheriff to sell the individual property of defendant in error, and that if the plaintiff in error did so, under said execution, he is liable to defendant in error for the proceeds of such sale, unless the latter had assented to the sale.

The plaintiff in error asked the court to charge the jury, that if the plaintiff in error, as sheriff, was not authorized to sell the property under the execution, yet if he did so, and applied the proceeds to the satisfaction of the execution before this suit was brought, the defendant in error could not recover under any count in his declaration. The court refused this charge, and the charge given, and that refused, are now assigned as error.

BLISS & BALDWIN, for plaintiff in error.

1. The execution is against William H. Thompson in his individual, and not a representative character, and the words administrator, &c., are merely descriptive, or surplusage. Arrington, adm'r, v. Coleman, 1 Murphy, 103; Brown v. Hicks, 1 Ark. R. 232, and authorities; Sabin v. Hamilton, 2 Ark. Rep. 485; Watkins v. McDonald, 3 ib. 266; Clark v. Lowe, 15 Mass. 476; 4 Bacon's Ab. tit. Ex'rs and Adm'rs, let. O, p. 127-8; 1 Tidd's Prac. 450; 3 Chitty's Prac. 182; Tillinghast's Forms, 190. Judgment generally, or *de bonis propriis*, against an administrator, when it should be *de bonis testatoris*, is error. 2 Lomax on Ex'rs and Adm'rs, 443; 2 Smedes & Marsh. R. 541. It is error, because, on such a judgment, his individual property might be taken.

2. The execution did not issue against the goods, &c. of intestate in the hands of administrator : it did not authorize a levy upon those goods. The judgment, if proper to be looked to, corresponds with the execution.

3. The form of the mandate against the lands, &c. of Thompson, shows, that it was to be levied of his own property.

4. An administrator suing on his own contract, though made as administrator, is, in North Carolina, responsible for costs; and this although he styles himself administrator—this term being merely surplusage. See 1 Murphy, *supra.*

Hoit, contra.

1. In giving this charge, which was superinduced by the charge asked for by plaintiff in error, it became necessary for the court to consider, and pass judgment upon the nature and character of exhibit A, which is not entitled to the character and force of a record from a court of a sister state of the union. It is not authenticated in any manner, consequently, is not entitled to any weight in evidence; nor will it warrant any presumption in its favor, or that the court was one of competent jurisdiction of the subject matter. Clay's Dig. 619; 1 Greenl. Ev. § 506; Ansley v. Carlos, 9 Ala. R. 973; Hudson v. Daily, 13 ib. 723; Crawford v. Simonton, 7 Por. R. 110. It does not possess the necessary requisites for a judicial record—it contains neither declaration, plea, statement of the cause of action, nor judgment. Tombeckbee Bank v. Godbold, 3 Stew. R. 240; Tombeckbee Bank v. Strong's ex'rs, 1 S. & P. 187; Ayres v. Dobson and Hughes, 5 S. & P. R. 441; Mathews v. Moore, 2 Murphy's R. 181; McIlwaine v. Batchelor, 3 Dev. & Bat. R. 52; Polhemus v. Perkins, 3 Green's R. 435; Evans v. Hinds, 1 McMullen's R. 490; Wooster v. Clarke, 2 Pike's (Ark.) R. 101; Baker v. the State, 3 Pike's R. 491. Consequently, the *fi. fa.* was void *ab initio;* for the execution must follow and correspond to the judgment, and here there is no judgment to sustain it. 2 Conn. R. 462; 3 Johns. 523; Mart. & Yerg. R. 45.

2. An administrator is not liable *de bonis propriis* for costs, when he sues as administrator. 1 Murphy's R. 102 ; 10 Ala. R. 600, and cases cited ; 12 ib. 36.

Averett v. Thompson.

CHILTON, J.—No question was raised in the court below, as to the admissibility of the record, showing a judgment and execution in favor of Daniel Thompson, against the defendant in error, and consequently, no question as to its authentication can be raised here. The only question we need consider, is, whether the record furnished sufficient warrant to the plaintiff in error for making the sale of the slaves.

He was the sheriff of Onslow county, in the state of North Carolina, and the record shows that a writ of *fieri facias*, was placed in his hands, which was regular upon its face, issued from the superior court of Jones county, directed to him, and commanded him as sheriff, " that of the goods and chattels, lands and tenements, of William H. Thompson, administrator of James Colvett, he cause to be made the sum of $247 66 which said Daniel Thompson, lately, in the said superior court of law for the county of Jones, recovered against him, for cost, &c." The record merely shows a writ between the parties; that defendant pleaded the general issue and forgery; that a jury found the issues in favor of the defendant, and then recites, "judgment against the plaintiff, for cost." It does not appear from the exemplification that any declaration was ever filed.

The counsel insists, that the execution was void, as there was no judgment on which it could issue. It is true, the judgment entry is not formal, but it is not necessary for the protection of the sheriff, that he should show a judgment. If the court has jurisdiction of the subject matter, and the execution is regular upon its face, the sheriff has no right to enquire into the irregularity of the proceedings of the court. We must intend that the common law is of force, in the state of North Carolina, where the sale was made, and by that law the rule, as we have above stated it, is well settled. Sheppard et al. v. Nabers, 6 Ala. Rep. 635; 5 Wend. 170; 16 ib. 514; 3 Greenl. Rep. 40 ; 3 Dev. 468. So in Stephenson v. McLean, 5 Humph. Rep. 332, it was held, that although a sheriff was not bound to execute void process, he is bound to execute process merely irregular and voidable. If he fail to do so, he is liable to the plaintiff, and if he execute it, he is protected.

In Kleissendorff v. Fore, 3 B. Monroe, it was held, that

Vol. 15—86

the sheriff was not bound to look to the judgment, but that the execution was his warrant.

The cases to which we are referred, by the counsel for the defendant in error, do not militate against this view, when closely examined. The case from South Carolina, of Evans v. Hinds, where the entry bears some resemblance to this, was a controversy between two purchasers of land, at the sheriff's sale, and it became necessary to show a judgment, in order to make out the title. The case of Reade v. Markle, 3 Johns. Rep. 516, was a controversy between the parties, to irregular process, after it had been declared void, which distinguishes it very clearly from this case. There can, I apprehend, be no question, but that the sheriff in that case, who executed the process and sold the property, for the conversion of which the action was brought, would have been protected.

Upon the other point, as to whether the property of the defendant in error could properly be levied upon, we think it too clear to admit of argument. The mandate of the writ is to levy the amount of his goods ands chattels, land and tenements, describing the defendant in the execution as administrator of the estate of Colvett. That this is but a description of the person, see Peters v. Heydenfeldt, 3 Ala. Rep. 205; and cases cited on the brief of the counsel for the plaintiff in error.

The ruling of the county court, being opposed to the view here expressed, the judgment is reversed and cause remanded.