## ARRINGTON *vs.* HAIR, Adm'r.

1. When a plaintiff styles himself executor or administrator, and declares on a note payable to himself in that capacity, but the declaration does not aver that the note is assets of the estate, the words executor, &c., are a mere *descriptio personæ*, and on the death of the plaintiff the suit is properly revived in the name of his personal representative.

Error to the Circuit Court of Sumter.   Tried before the Hon. Samuel Chapman.

Hill & Hale, for plaintiff in error:

1. The plaintiff in error insists that there is error in the record in this, that the said James Hair revived a suit and took a judgment in his own name as the administrator of John S. Arrington, who was executor of Henry Arrington, whereby the proceeds of the judgment would appear to be assets of the estate of said John S., when the record plainly shows that the proceeds of the said judgment ought to be assets of the estate of said Henry, and that the suit which had abated by the death of said John S., executor, should have been revived by an administrator *de bonis non cum testamento annexo* of the estate of said Henry.   In support of the error thus assigned, they cite the following authorities : 1 Blk. Com., book 2, chap. 32, p. 506 ; Lomax on Ex'rs., vol. 1, book 3, chap. 3, p. 74; ib. vol. 1, book 5, chap. 3, p. 148 ; Williams on Ex'rs., vol. 1, p. 283 ; Saunders' P. & E. 3d Am. Ed. (Phil. 1837,) top p. 496, side p. 497 ; Saunders' Rep., 3d Am Ed. p. 223, note 72, m. (f) left hand column ; Wentworth's Office of an Executor, Am. Ed. 467, 468 ; Farrell v. Jacobs, 4 Mass. 634 ; Partridge v. Courts, 5 Price 412.

R. H. Smith, *contra.*

1. This suit was originally brought by John S. Arrington, styling himself executor of Henry Arrington, deceased.   The declaration shows a promise by defendant to John Arrington, without any allegation that the action accrued to him as executor.   The breach is that Robert Arrington did not pay the plaintiff, &c.

.2. This was a suit, then, by John Arrington, in his own right, and the addition of " executor," &c., was mere *descriptio personæ*, and the suit was properly revived in the name of the plaintiff's personal representative.—Warren, Ex'r. v. Rist, 16 Ala. 686.; Johnson v. Gaines, 8 ib. 791 ; King & Clarke v. Griffin, 6 ib. 387. These authorities also establish that the suit was properly brought.

3. In Chitty's Pl. (10 American, from 6 London ed.) the principles governing this case are thus laid down : " An executor may sue as such upon a contract made with him in that character, and in other cases when the sum to be recovered would be assets; and in these cases the cause of action should be stated to have accrued, and the promise to have been made to him as executor," and on page 51, (marginal) " he is not bound to declare in that capacity on a contract made with him, but may sue in his individual right."

CHILTON, J.—The declaration in this case does not aver that the note sued on was of the assets of the estate of Henry Arrington, but describes the plaintiff as his executor, and counts on a note payable to the plaintiff by that description. We have frequently ruled that styling himself executor or administrator in the suit, or being so styled in the note, is but a description of the person, and this being the case, it follows that suit was properly revived in the name of the administrator of the plaintiff, who died after suit was brought. If the note was assets, the defendant should have shown it.—Peters v. Heydenfeldt, 3 Ala. 205 ; Oliver v. Hearne & Whitman, 4 ib. 271 ; Adm'rs of Weatherford v. James, 8 Por. R. 171 ; McEldery & Chapman v. McKenzie, 2 Ala. 33 ; Williams v. Hinkle *et al.* 15 ib. 718–719 ; Godbold v. Meggison, 16 ib. 142–143 ; Harbin v. Levi, 6 ib. 401, and cases cited ; Warren v. Rist, 16 ib. 686 ; Johnson v. Gaines, 8 ib. 779 ; 6 ib. 387.

Judgment affirmed.