ANDERSON *vs.* RICE, ADMRX., &c.

1. When a writ and declaration proceed against the defendant as administratrix, and all the counts are so drawn as to charge her in her representative character alone, proof of a demand against her individually will not support the declaration.

2. When an overseer, by agreement with his employer, is to receive a certain portion of the crop raised, as compensation for his services, he cannot recover in assumpsit for work and labor done.

3. But when the entire crop is received by the employer's administratrix and sold, the overseer may bring his action of trover against her individually, or may waive the tort, and sue in assumpsit for money had and received to his use.

ERROR to the Circuit Court of Talladega.

Tried before the Hon. Robert Dougherty.

The plaintiff sued the defendant as administratrix, in assumpsit. The declaration contains seven counts. In the first three, which are for work and labor done, for goods, wares and merchandize sold and delivered, and for money paid, laid out and expended, it is averred that these several things were done at the special instance and request of John S. Rice, the intestate, in his lifetime, and that he promised to pay, &c., and that defendant, his administratrix, since his death, promised to pay, &c., but neither has paid. The next three are identical with the first, except that the promise to pay is averred to have been made by the administratrix after the death of the intestate. The seventh count is *insimul computasset* against the administratrix in her representative capacity. There is no count on any special contract, nor any for money had and received.

The defendant demurred to each count of the declaration; and pleaded non-assumpsit, payment, and set off, in short by consent. The demurrers were overruled by the court, and the parties went to trial on the pleas.

The plaintiff introduced one Thomason as a witness, who deposed, that in the fall of 1847 the defendant's intestate told witness that plaintiff and intestate were cropping together that year, on a place called the Herrald place; that intestate

was to give plaintiff one-fifth of the crop raised; that twenty-one bales of cotton, weighing four hundred and twenty-five pound each, were raised that year on the place; that cotton was worth from five to six cents per pound in the fall of 1847 and spring of 1848; that intestate died in the fall of 1847; that the twenty-one bags of cotton, before mentioned, were carried by witness to Wetumpka, at the instance of John W. Rice, agent for the defendant, who was then administratrix of intestate; and the whole cotton was there sold by said John W. Rice, as the agent of the defendant, contrary to the wishes of the plaintiff.

On this proof, the court charged the jury that, "if they believed, from the evidence, that the defendant, after the death of the intestate, and while acting as administratrix, either by herself or agent, took the control of, and sold the twenty-one bags of cotton, raised by the plaintiff and intestate, that she would not be liable in her representative character." To this charge the plaintiff excepted; and asked the court to charge the jury, that if they believed, from the evidence, that the defendant, by herself or agent, sold the twenty-one bags of cotton, raised by plaintiff and intestate, after his death, with the cotton belonging to the estate, and whilst managing the affairs of the estate, she would be liable in her representative character; which charge the court refused, and the plaintiff excepted. The plaintiff then asked the court to charge the jury, that if they believed, from the evidence, that the defendant sold the cotton, by herself or agent, after the death of the intestate, that the term administratrix, used in the plaintiff's writ and declaration, was a mere *descriptio personæ*, and that they might find the defendant liable in her individual capacity; which charge the court also refused, and the defendant excepted.

The charge given, and the refusals to charge as requested are here assigned for error.

JONES & BOWIE, for plaintiff in error.

J. J. WOODWARD, *contra*.

LIGON, J.—The charge given by the court below was free from error. Both in his writ and declaration, the plain-

tiff seeks to charge the defendant in her representative character, and not otherwise. All the counts in the declaration aver a liability on the part of the intestate, and a promise to pay, by the defendant, as his administratrix. It is then, essentially a suit in which the estate of the intestate is sought to be charged with the payment of the demand, and had the plaintiff made such proof as to entitle him to recover, his judgment must have been *de bonis intestatis.* The proof, however, shows a case for which the plaintiff, under his declaration, is not entitled to recover against the estate of John S. Rice. There is no count on a special agreement between the plaintiff and John S. Rice; and yet the testimony establishes that one did exist, and its terms are of such a character that the plaintiff could not recover for a breach of them on the part of the intestate, under any of the counts in his declaration. In Snedicor, admr. v. Leachman, admr., 10 Ala. Rep. 330, in which a recovery was sought for the breach of an agreement very similar to the one proven in this case, and in which the plaintiff declared for work and labor done, the court says, "The plaintiff has sued upon the contract as a money demand; the proof is, that he was to be compensated for his services by a part of the crop, and whilst this contract continues in force, it is manifestly unjust that the plaintiff should disregard it, and sue upon a *quantum meruit.*"

In another aspect of the case, the charge of the court was proper. The proof shows that the plaintiff was to have one-fifth of the crop grown on the plantation which he managed, and that the crop amounted to twenty-one bales of cotton, weighing four hundred and twenty-five pounds. This cotton never passed from the possession of the plaintiff, until after the death of John S. Rice. It was then taken by the defendant and sold. Here is a conversion by her, not in her representative capacity, but as an individual, and as against her the plaintiff may have his action of trover; or, as the cotton has been sold, and its value, by this means, ascertained, he may, if he thinks proper, waive the *tort* and sue in assumpsit for money had and received to his use. Strother, admr. v. Butler, 17 Ala. Rep. 733.

The reasons assigned in support of the charge as given, are conclusive of the correctness of the action of the Circuit

Court in refusing the charges asked for by the plaintiff. This case is unlike that of Peters v. Heydenfelt, 3 Ala. Rep. 205. In that case, both counts of the declaration disclosed that the services were rendered for Peters after the death of his intestate, and at his instance and request. The court says, "The declaration shows very conclusively, that the action is founded on a contract made by the administrator, by which the estate could not be charged in this action, but for which he is individually responsible." In the case under consideration, the declaration, in all its counts, charges the contract to have made with the intestate. The cases are, therefore, utterly dissimilar, and the rule in one would be misapplied if extended to the other.

Let the judgment of the Circuit Court be affirmed.