## TATE *vs.* SHACKELFORD'S ADM'R.

1. The character in which a party sues must be determined from the body of the declaration, and not from his description of himself in its caption. If, therefore, he describes himself as administrator in right of his wife, and declares on a right of action accruing to him individually, he must be regarded as suing in his individual capacity, and the superadded words must be held a mere *descriptio personæ* ; and upon his death, in such case, the suit should be revived in the name of his personal representative.

Error to the Circuit Court of Cherokee.
Tried before the Hon. L. P. WALKER.

WHITE & PARSONS, for plaintiff in error.
J. B. MARTIN, *contra.*

CHILTON, C. J.—William A. Shackelford sued the plaintiff in error before a justice of the peace, and in the warrant he is described, "administrator, in right of his wife, of the estate of George W. Hail, late of Cherokee county, deceased."

The cause of action endorsed on the warrant, as also that declared upon in the Circuit Court, to which the case was taken by appeal, is a special contract, made between Shackelford and Mrs. Tate, for the services of a slave, belonging to Hail's estate, in the erection of a boat, for which service she was to pay the plaintiff below the sum of $52 50. The sum of two dollars and fifty cents was credited on the demand.

Shackelford having died since this writ of error was sued out, his administrator has been made a party ; and it is insisted by the plaintiff in error, that the suit should abate, because Shackelford having sued as administrator, in right of his wife, of Hail's estate, no interest in the subject matter of the suit can survive to his administrator.

The character in which a party sues must be determined, not from the description of himself, which he gives in the caption of the declaration, but from the body of the pleading ; in other words, although the plaintiff may describe himself as administrator, yet, if he aver a right of action as an individual, which

does not accrue to him in a fiduciary character, he is to be regarded as suing in his individual capacity, and the superadded words " administrator," &c., are regarded as descriptive of the person.

So, in Arrington v. Hare, 19 Ala. 243, we held, that where a plaintiff styles himself executor or administrator, and declares on a note payable to himself in that capacity, but the declaration does not aver that the note was assets of the estate, the words " executor &c." are a *descriptio personæ*, and on the death of the plaintiff, the suit is properly revived in the name of his personal representative. This case, and the authorities there cited, very clearly show that Shackelford must be regarded as suing in his individual right, and that, upon his death, the suit may properly be revived in the name of his personal representative.

Let the judgment be affirmed.