| 37 | 587 |
| 94 | 162 |
| 94 | 619 |
| 37 | 587 |
| 107 | 244 |
| 37 | 587 |
| 139 | 552 |

## WATSON *vs.* COLLINS' ADM'R.

[ACTION ON NOTE GIVEN FOR PURCHASE-MONEY OF LAND AT ADMINISTRATOR'S SALE.]

1. *How administrator may or must declare.*—The words "administrator," &c., following the plaintiff's name in the margin of the complaint,

are, of themselves, mere *descriptio personæ;* but an averment in the complaint, that the money sued for will, when collected, be assets of the decedent's estate, is sufficient to show that the plaintiff sues in his representative character.

2. *Plea of* ne unques *administrator.*—In an action brought by an administrator in his representative character, a plea, alleging facts which show that his letters of administration are void, for want of jurisdiction in the court by which they were issued, is a good plea in bar.

3. *Validity of grant of administration.*—A grant of letters of administration is not void, on account of the non-existence of assets in this State, if the intestate was an inhabitant of the county at the time of his death, (Code, § 1667;) nor are letters of administration *de bonis non,* granted by the probate court of the county in which the intestate had his domicile at the time of his death, void for want of unadministered assets, (Code, § 1720,) although they might be irregular and revocable.

4. *Validity of order of sale by probate court for division.*—An order of the probate court, for the sale of a decedent's lands for the purpose of division among the heirs, obtained by an administrator *de bonis non* legally appointed, is not rendered void by the prior descent of the land to the heirs, the payment of all the debts, and the distribution of the personalty by the administrator in chief; although those facts might constitute good grounds of objection, in the probate court, to the granting of the order.

5. *Failure or want of consideration of note.*—In an action on a note given for the purchase-money of land, sold by an administrator under an order of the probate court, a defect in the title is no defense to the suit, if the court had jurisdiction to order the sale.

APPEAL from the Circuit Court of Choctaw.

Tried before the Hon. C. W. RAPIER.

The complaint in this case was in the following words:

"A. R. Davis, adm'r of the estate of Wm. Collins, dec'd.

*vs.*

C. L. Watson, J. W. Crowell, G. B. Walker.

"The plaintiff claims of the defendants the sum of one hundred and sixty-one 60-100 dollars, due by their promissory note, made by them on the 9th August, 1856, and payable on the 1st January, 1857, with interest thereon; the said sum, when collected, being assets of the estate of William Collins, deceased."

To which the following plea was filed: "The defendant C. L. Watson, for answer to the complaint, says, that the note mentioned in the complaint was made and executed

by him for the payment and purchase of certain land in said county," (describing it,) " which the said plaintiff, as the administrator *de bonis non* of the estate of William Collins, formerly of Greene county, deceased, offered and undertook to sell as an unadministered portion of said estate ; and which, upon such offer and undertaking, and upon the plaintiff's representation that he was administrator as aforesaid, this defendant bid off, at a pretended sale thereof at auction, made by the plaintiff, and executed his said note for, in the belief, and upon the faith that the plaintiff was such administrator, and as such authorized to sell said land; whereas, in truth, as defendant avers, there was not, at the time of the plaintiff's said pretended appointment as administrator of the estate of said William Collins, to-wit, in February, 1856, any estate whatever of the said Collins, or assets thereof, in the State of Alabama, of which an administrator could be appointed, or any allegation or proof made to the court that there was any such estate or assets, or that said estate was indebted, or any notice of such intended appointment given to the heirs ; but that said estate, before that time, to-wit, between the years 1842 and 1848, had been fully administered and distributed according to law, all the debts thereof paid, and a final settlement made of such administration, to-wit, under the authority and direction of the orphans' court of said county of Greene, to-wit, in the year 1847 ; and that the lands which had belonged to the said Collins in his life-time, and among them the said lands bid off by this defendant as aforesaid, had passed to, and become the absolute property of, the heirs-at-law of the said Collins, long before the pretended or supposed grant of letters of administration to the said plaintiff as aforesaid ; of all which said plaintiff had notice, and defendants knew nothing. And defendant further avers, that he has never had, and now has not, the possession of said land, or any part thereof, and did not and can not acquire any title thereto, as he is advised, by the said pretended sale ; but that said land, though unenclosed, and not actually occupied by

others, belongs to, and is claimed by, some of the heirs of said Collins, and persons who have purchased the interest of the others ; and that so there is a want and total failure of consideration for the said note made by him as aforesaid."

The court sustained a demurrer to this plea, and its judgment on the demurrer is now assigned as error.

MANNING & WALKER, for appellant, cited *Fisk v. Norvell*, 9 Texas, 13 ; *Miller v. Jones*, 26 Ala. 247 ; *Matthews v. Douthitt*, 27 Ala. 273.

GEO. F. SMITH, *contra.*

R. W. WALKER, J.—[1. 2.] In the margin of the complaint, the plaintiff is styled "administrator of the estate of William Collins, deceased." This, by itself, would be mere *descriptio personæ ;* but the complaint alleges, that the sum sued for will, when collected, be assets of the estate of William Collins, deceased, which is sufficient to show that the suit is brought by the plaintiff in his representative character.—See *Harris v. Plant*, 31 Ala. 639 ; *Arrington v. Hair*, 19 Ala. 243 ; *Tate v. Shackleford*, 24 Ala. 210. Hence, a plea, alleging facts which show that the plaintiff's letters of administration are void, for want of jurisdiction in the court by which they were issued, would be a good plea in bar.—*Miller v. Jones,* 26 Ala. 247.

[3.] But we do not think that the plea filed by the defendant does this. Under our laws, it is only when the intestate resided out of the State at the time of his death, that the existence of assets in the State is necessary to give the court jurisdiction. Consequently, the non-existence of assets in the State would not make an administration void, if the intestate was an inhabitant of the county at the time of his death.—Code, § 1667. Nor do we think that an administration *de bonis non*, granted by the probate court of the county in which the intestate had his domicile at the time of his death, would be void for want of unadministered assets, although it might be irregular and revocable.—Code, § 1720.

[4–5.] Neither does the plea show that the court had no jurisdiction to order the sale. The prior descent of the land to the heirs, the payment of the debts, and the distribution of the personalty by the administrator in chief, would not render *void* an order of sale for division, obtained by a legally appointed administrator *de bonis non*, although they might constitute a good ground of objection, in the probate court, to the granting of the order. And if the court had jurisdiction to order the sale, a defect in the title is no defense to a suit for the purchase-money.——*Lamkin v. Reese*, 7 Ala. 179 ; *Worthington v. McRoberts, ib.* 814 ; *S. C.*, 9 Ala. 297 ; *Jennings v. Jenkins*, 9 Ala. 288 ; *Pool v. Hodnett*, 18 Ala. 752 ; *Burns v. Hamilton*, 33 Ala. 210.

Judgment affirmed.