# Hill, Administratrix, *v.* Huckabee.

### *Action on Note by Payee against Maker.*

1. *Decision reaffirmed.* — The decision in the case of *Riddle* v. *Hill*, in MS., reaffirmed.

2. *Judicial proceedings during late war.* — Judicial proceedings, had in the courts of this State during the late war, are valid and binding in all respects, save where they conflict with the Constitution and laws of the United States, or tend to impair the just rights of citizens thereunder.

3. *Estoppel.* — One who has contracted with the administrator in his representative capacity cannot, when sued by him on the contract, plead *ne unques administrator.*

APPEAL from Hale Circuit Court.

Tried before Hon. M. J. SAFFOLD.

This suit was instituted by appellant, as administratrix of the estate of Charles W. Hill, deceased, on the 8th day of March, 1866, on a note given by appellees on the 10th day of

[Hill *v.* Huckabee.]

February, 1863, and payable on the 1st day of March, 1864, to appellant as such administratrix. The complaint avers that the note was given for the purchase of certain personal property of the estate of Charles W. Hill, deceased, which was bought by one of the defendants at a sale thereof made by plaintiff as administratrix of the estate, under and by virtue of an order of the probate court of Greene county, made on the 5th day of January, 1863.

The pleas were, in short: 1st. *Non-assumpsit ;* 2d. Plaintiff was not administratrix of the estate at the date of the note ; 3d. Nor at the date of the commencement of the suit; 4th. She was not such administratrix at the commencement of this suit, and was not when the pleas were filed; 5th. That the note was given for the purchase of a negro, the property of the estate of Charles W. Hill, deceased, at a pretended sale by plaintiff as administratrix of the estate, on February 10, 1863, and that plaintiff was not such administratrix, and such sale was illegal and void. There were four other pleas, but they were demurred to, and the demurrers sustained.

Plaintiff joined issue on the first plea, and replied to the 2d, 3d, 4th, and 5th pleas, by averring and setting out at length her appointment as administratrix of the estate in 1862, by the probate court of Greene county, and the subsequent proceeding therein, including the order authorizing her to sell the property described in the complaint; her report of sale and its confirmation by the court; the decree of insolvency and the removal of the estate to Hale county probate court; also her continuation in office as administratrix, by the latter court, in 1869, on her final settlement after the decree of insolvency.

On demurrer by defendants to this replication, the court held that the replication was well filed as to the 2d and 5th pleas, but that it was no answer to the 3d and 4th pleas.

The record shows an admission by counsel, on both sides, that " the consideration of the note sued on was the purchase of a negro slave, named George, the personal property of the estate of Charles W. Hill, deceased, which was sold by plaintiff and bought by one of the defendants at the sale referred to, in a transcript offered in evidence from the probate court of Greene county. This transcript shows that the sale was made by appellant as such administratrix on the 10th of February, 1863, under an order of said court, made on the 5th day of January, 1863 ; and it also shows that appellant was appointed administratrix of the estate by the same court on the 20th day of October, 1862. On May 11, 1868, the estate was duly declared insolvent ; on the 14th day of January, 1869, it was, by decree of the court, transferred to the probate court

[Hill *v.* Huckabee.]

of Hale county, and in the latter court the administratrix made her final settlement under the decree of insolvency, and she was duly continued in the administration. At the time the sale was made and the note given, all the parties resided in the State of Alabama.

The court refused to charge the jury, at the request of plaintiff, that she was entitled to recover; and the court then charged the jury that if they believed the evidence, they must find for defendants. The errors assigned are, the sustaining the demurrer to plaintiff's replication to defendant's 3d and 4th pleas; the refusal to give the charge requested by plaintiff; and the charge given.

WALLER, PITTMAN & WALLER, for appellants. — Since the trial of this cause in the court below, this court has decided that the doctrine declared in *Bibb & Falkner* v. *Avery* (45 Ala. 691) is not applicable to a suit on a note payable to the plaintiff, because the contract establishes the privity, and the words "as administrator" may be regarded as surplusage, and as no part of her right to sue. *Erwin & Jones* v. *Hill*, June term, 1874. There is nothing in the position of appellee's counsel, that the order of sale was void because made at a special term of the probate court, when the cause was neither set for hearing at said term nor continued to it by order entered at a previous term. The position, that a defendant must have a verdict in a suit on a promissory note becaus ethe plaintiff, thinking it advisable, introduces a transcript of the application and decree without introducing a transcript of every order made by the court, is not consistent with the rules of pleading. 1 Stewart, 500-4.

W. & J. WEBB, *contra.* — The capacity of appellant to maintain this action is now a settled question. *Erwin & Jones* v. *Hill*, June term, 1874. The order to sell was void; the petition was set for hearing on the 24th of December, 1872, and the order of sale was made at a *special* term, held January 5, 1863, and no evidence of an order of continuance to this special term is shown. 46 Ala. 501. If the order of sale was void, the sale was also void. 32 Ala. 676; 29 Ala. 511. And the note cannot be recovered on by appellant or any one else. 38 Ala. 647; 12 Ala. 298.

BRICKELL, C. J. — The second, third, and fourth pleas present no defence to the plaintiff's action, and were demurrable. The note on which the suit is founded is payable to the plaintiff individually. The complaint in effect avers that it is assets of her intestate, in her hands to be administered. Suit

thereon, in her representative capacity, accompanied by this averment, was proper. *Arrington* v. *Hair*, 19 Ala. 243. To such suit the plea of *ne unques administrator* is not allowable. That plea, as was determined by this court, in the case of *Riddle* v. *Hill*, last term, is a defence only when at common law the plaintiff was bound to make *profert* of his letters, as his authority to sue. *Profert* was never necessary, except when the cause of action accrued to the intestate. The making a contract with a personal representative is an admission of the representative capacity, dispensing with the necessity of *profert.*

The plaintiff replied separately to the pleas, disclosing her appointment as administratrix by a court of competent jurisdiction To these replications the defendants demurred, and the demurrer was sustained as to the replications to the third and fourth pleas. The ground of demurrer is, that administration was granted the plaintiff by a court of this State, during the war, and is founded on former decisions of this court, declaring judicial proceedings had in this State, during the war, were to be esteemed as *quasi* foreign. These decisions are in conflict with the decision of the supreme court of the United States in the case of *Horn* v. *Lockhart* (17 Wall. 570), which this court at the last term announced its purpose to observe as a correct solution of this question. *Riddle* v. *Hill, supra; Powell* v. *Young; Tarver* v. *Tankersly*, last term. The replications were of consequence an answer to the pleas, if they had been good.

The charge given by the court, that the jury should find for the defendants, was doubtless influenced by the same considerations controlling its rulings on the pleadings. The point of controversy between the parties, in the circuit court, seems to have been the validity of the judicial proceedings under which plaintiff derived her authority as administratrix, and her authority to make sale of the personal property of her intestate. These proceedings were supposed to be invalid, because the proceedings of a court recognizing the authority of a government in hostility to the government of the United States. In the cases to which we have referred, this court declared, in obedience to the decisions of the supreme court of the United States, that such proceedings, where they did not offend the Constitution or laws of the United States, or impair the just rights of the citizens thereunder, were to be esteemed valid. We reaffirm those decisions, as announcing the principle by which we propose to be guided. An observance of the decision of this court in *Riddle* v. *Hill*, at last term, will enable the circuit court to dispose of all the questions this record presents.

We decline passing on the correctness of the refusal of the

[Michael *v.* Marengo County.]

circuit court, to allow the amendment of the complaint as proposed by the plaintiff. That amendment will not probably be desired by the plaintiff, under the decision we have made on the pleadings.

The judgment is reversed and the cause remanded.