# Collins *v.* Greene.

*Action on Written Contract ; Plea, Set-off.*

67 211
93 78
93 625
67 211
97 393

1. *Administrator ; when may sue individually on contracts made with him in his representative character.*—If an administrator has accounted for the proceeds of contracts made with him in his representative character, or if he has been charged with them on his settlement, or if a claim grows out of his unauthorized disposition of the assets of the estate, by which he rendered himself liable therefor, and from which he has not been discharged, his right to sue individually, on such contracts, or claims, continues as long as he is administrator, and afterwards, and his personal representative may sue on them.

2. *Same ; when cannot sue individually on such contracts.*—If, however, the admistrator has settled the estate, and has been discharged, without having been charged with such proceeds, then he can maintain no action on such contracts, or claims, and the right to sue passes to the succeeding administrator.

3. *Set-off ; when will be allowed.*—If the defendant could maintain a suit in his own name on the demand which is proposed as a set-off, and if he owned it before action brought, or (if the action be by an assignee), before notice of assignment, provided the cause of action is not commercial paper, such set-off will be allowed.

4. *" Sounding in damages merely ;" meaning of these words in the statutes regulating set-offs.*—Claims for which the law furnishes no standard of measurement, even when the facts are ascertained, "sound in damages merely," but those, the value of which may be measured by a pecuniary standard, when the facts on which they are based are established, do not "sound in damages merely," and may be the subject of a set-off.

5. *Set-off ; executor sued individually can not set-off debt due him as such.*—An executor, when sued individually, can not set-off against the plaintiff's demand, damages arising from the failure of the plaintiff to comply with his purchase of lands, which were sold by the register in chancery, on a bill filed by such executor to enforce the vendor's lien, held by the testator on the lands.

APPEAL from DeKalb Circuit Court.
Tried before Hon. LEWIS WYETH.

The material facts of the case are given in the opinion of the court, and it is only necessary to set out here a part of

the pleadings, and the charges of the court. The defendant filed ten pleas. The substance of the 3d, 8th, 9th, and 10th pleas are given in the opinion. Plaintiff demurred to the 3d plea, because it set up a separate and distinct contract from the one sued on, and between different parties, and demurred to the eighth, ninth, and tenth pleas on these grounds, and also, because the demand set up as a set-off in them, was not mutual. The court sustained the demurrer to the third, ninth and tenth pleas, and overruled the demurrer to the eighth plea.

The court charged the jury, "that the written contract between Haralson and Collins, of date Dec. 16, 1873, and read in evidence before them, imposed no legal obligation upon said Haralson to pay to Collins, the amount of his bid for the lands bid off by him at register's sale, and interest thereon, or any portion of the principal or interest of the same." The defendant excepted to this charge. The defendant requested the court to give the following written charges, viz: 1. "That the contract between said Haralson and Collins of Dec. 16, 1873 (read in evidence), imposes on said Haralson, the obligation to pay to the defendant principal and interest of the sum bid by him for said land, by the first day of the next term of the Chancery Court for DeKalb county, after the 16th of Dec. 1873." 2. "That if the jury believe from the evidence that Haralson bid off the land at the register's sale, for four thousand dollars, in June, 1870, and failed to comply with the terms in paying the money, and that he agreed to pay the same in the written contract of Dec. 16, 1873 (read in evidence), and that he failed to pay the same, or any part thereof, and that said land was ordered to be re-sold, and was re-sold, in January, 1877, for the sum of four thousand dollars cash, and that said instrument of Dec. 16, 1873, was executed and delivered to the defendant before the transfer of the note sued on to plaintiff, then the defendant is entitled to set-off against the plaintiff's demand, the legal interest on Haralson's bid of four thousand dollars, for said land in Sept., 1870, up to the second sale of said land in June, 1877." The court refused to give either of these charges, and the defendant excepted. There was a verdict and judgment for the plaintiff. The action of the court in sustaining the demurrers to defendant's pleas, and in giving and refusing the charges, is assigned as error.

M. T. TURNLEY, and JAS. AIKEN, for appellant.

COOPER and REEVES, BRAGG & THORINGTON, and WATTS & SONS, for appellant.—The demurrer to the defendant's pleas

were properly sustained, for they set up matters of defense which do not belong to the defendant in the capacity in which he is sued, but in a different capacity, *i. e.*, as executor of the will of George.—*Tillinghast v. Johnson*, 5 Ala. 514. The defendant could not set-off, in this action, damages for the breach of the injunction bond, for the register in chancery is the person entitled to sue on such a bond. The court must construe all written contracts, and the construction given to the contract in this case was certainly correct.

STONE, J.—Collins, as the executor of George, on bill filed against one Walker, obtained a decree to sell lands, in payment of the purchase-money thereof, due to his testator's estate. The lands were sold by the register in 1870, and Haralson became the purchaser at the price of four thousand dollars. He failed to pay the purchase-money, and litigation grew up between him and Collins in regard to it. Collins was moving to have an order of resale; and Haralson, claiming that he had paid the purchase-money, filed a bill and obtained an injunction, enjoining a second sale. Haralson had also filed exceptions to the report of sale made by the register, as we infer from the record, and the exceptions had not been acted on. At this stage of the litigation, the parties came to an agreement of compromise at the December term, 1873, of the court, and entered into a written agreement, signed December 16th, 1873. Haralson agreed to withdraw all exception to the report of sale, and to allow it to be confirmed. He also agreed to " withdraw all opposition to the order of sale heretofore made and decreed being renewed, and to interpose no objection or opposition to said land being sold under said decree, at any time after the [then] next term of said court, upon condition that he [Haralson] failed to pay to the complainant, or to the register of the court, the amount bid by him, said Haralson"—($4,000)— with interest from the date of the purchase, and certain costs. The cause was continued under, and by the terms of this agreement. The agreement contained the further provision, that Haralson would, and did, at that term—December, 1873—dismiss his bill of injunction theretofore filed against the said Collins, as executor aforesaid, at his, Haralson's costs ; and Haralson and his sureties were released from all liability for damages on the injunction bond. Pursuant to this agreement Haralson's bill was dismissed, and the report of sale confirmed : the latter order at December term, 1874. At that term, Haralson not having paid the purchase-money, an order for a re-sale was granted ; and in 1877, the register made and reported a second sale to one

Vance, for four thousand dollars cash. Six or seven years intervened between the first and second sales. The pleadings set forth, that in 1875 Haralson filed another bill against Collins, and obtained an injunction thereon, again restraining the sale of said lands under the renewed decree, on the same ground as before—that he had paid the purchase-money. In obtaining each of said injunctions, the pleadings aver he had given the customary bond to pay damages, if the injunction should be dissolved. The second injunction was dissolved, the bill dismissed, and on appeal to this court, the decree of the Chancellor was affirmed.—*Haralson v. George*, 56 Ala. 295.

The present suit, brought by Greene as the indorsee of Haralson, is founded on a written contract, as follows :

"Lebanon, Alabama, August 5th, 1873 : $1500.00. Received of W. J. Haralson fifteen hundred dollars upon lands, to be repaid with interest thereon, to said Haralson, or his order, at the termination of a certain injunction suit now pending in the Chancery Court of DeKalb county, Alabama, wherein said Haralson is plaintiff, and the undersigned, Alfred Collins, ex'r of the last will of C. D. George, dec'd, is defendant ; and it is agreed by the parties that this transaction is not to be given or received as evidence for or against either party on the hearing of said injunction cause. (Signed) Alfred Collins."

The present suit was brought February 28th, 1876.

The main questions in this cause arise on the Circuit Court's rulings on the demurrers to defendant's pleas of set-off. The 3d plea seeks to set-off in this action the damages sustained in the loss of interest between the first and second sales. The 8th plea counts on the damages Collins sustained in the alleged breach by Haralson, of the agreement of December 16th, 1873, the substance of which is given above, and offers to set-off such claim for damages against plaintiff's demand. Plea No. 9 relies on, and offers to set-off the damages defendant had sustained, in consequence of the injunction bond, given by Haralson in the first suit by him, to prevent a second sale of the property ; and Plea No. 10 counts on the damages resulting from the bond given, and injunction obtained in the second suit by Haralson. The Circuit Court sustained plaintiff's demurrers to pleas numbered 3, 9, and 10, and overruled them as to plea 8. There are three aspects in which these pleas should be considered :

*First.* Could Collins sue and recover in his own name, as an individual, on the facts set up in them, or either of them ?

*Second.* If he could, can he use the claim as a set-off

against a suit which only authorizes a personal recovery against him ?

*Third.* The question of mutuality out of the way, is the demand of such a character as to constitute a good set-off against a money demand ?

*First.* An administrator may sue individually on a contract made with him in his representative capacity. This right continues as long as he remains administrator, and afterwards, and to his personal representative after him, if he has accounted for the proceeds, or is charged with them in his settlement, or, if the claim grew out of an unauthorized disposition by him of the assets of the estate, by which he rendered himself liable therefor, unless he has been discharged from such liability. If he has settled the administration, been discharged, and has not been charged with such sum, then he can maintain no action on the claim, and the right to sue passes to the succeeding administrator.—*Harbin v. Levi*, 6 Ala. 399 ; *Tate v. Shackleford*, 24 Ala. 510 ; *Arrington v. Hair*, 19 Ala. 243 ; *Watson v. Collins*, 37 Ala. 587 ; *Tompkins v. Reynolds*, 17 Ala. 109.

*Second.* On the question of ownership of a demand, which will authorize its use as a set-off or cross-action, if the defendant owned it before action brought, or (if the action be by an assignee), before notice of assignment, provided the cause of action is not commercial paper ; and if the cross demand be such that the defendant could maintain a suit on it in his own name, then such set-off will be allowed.—*Brazier v. Fortune*, 10 Ala. 516 ; *Hall v. Chenault*, 13 Ala. 710 ; 2 Brick. Dig. 423, § 22.

*Third.* " Mutual debts, liquidated and unliquidated demands, not sounding in damages merely, subsisting between the parties at the time of suit brought, may be set-off one against the other."—Code of 1876, § 2991. What is meant by the phrase, " sounding in damages merely," is that class of claims for which the law furnishes no standard of measurement, even when the facts are ascertained. Actions of trespass, assault and battery, actions for slander, malicious prosecution, &c., are of this class. On the other hand, if the claim be one, which, when the facts upon which it is based are established, the law is capable of measuring its value by a pecuniary standard, then it is not a claim sounding in damages merely, and may be the subject of a set-off. *Sledge v. Swift*, 53 Ala. 110, and authorities cited ; *Rosser v. Bunn*, at the present term.

There is a fourth question, not directly presented in this case, but which bears somewhat on the question we are considering. Independently of the agreement of compromise of

December 16th, 1873, in whom was the right of action to recover of Haralson the damages sustained by his failure to comply with his purchase made in 1870 ? Under our rulings, the action could have been maintained either by the register of the court, or by the person to whom the money would belong when collected.—*Robinson v. Garth*, 6 Ala. 204; *Hutton v. Williams*, 35 Ala. 503. But this right, not being based on a contract made with, or promise to pay Collins, would not support an action brought in his own name as an individual. To recover, he must have sued as executor. These damages, based alone on Haralson's default as a purchaser, could not be the subject of a set-off in this action, for want of mutuality. The debt of Collins was an individual liability. His claim against Haralson would be as executor of George.

The principles we have stated above are fatal to the defenses set up in pleas 3, 9, and 10, and the demurrers to them were properly sustained. The sale was made by the register, and hence, Haralson's contract was made with him. Collins could not sue him for damages he had suffered from the failure to pay, except in the right in which he had sued and obtained his decree. That was as executor of George, to whose estate the money would belong when collected. So, of the defenses set up in pleas 9 and 10. Injunction bonds are payable to the register—Code of 1876, § 3871—and are in no sense contracts with the defendant in the suit. Collins could sue upon them only in the right injuriously affected by the injunctions. That was as executor of the decedent, whose lands were the subject of the suit. Plea number 8 sets forth a breach by Haralson of the agreement of compromise of December 16th, 1873, and avers damages as the result of such breach. This being under a contract made directly with Collins, presents matter of a legal set-off, to the extent Collins sustained damages caused by such breach. The rule for damages in such cases is laid down in *Bolling v. Tate*, at the present term. But the demurrer to this plea was overruled, and the record presents no rulings or charges based upon it, to which exceptions are reserved.

As to the charges of the court, to which exceptions were reserved; we agree with the Circuit Court in the construction of the agreement of December 16, 1873. While it bound Haralson to do certain things, and not to do others, it imposed no legal obligation on him to pay Collins the amount of his bid for the lands bid off by him at the register's sale, or any portion of the principal or interest thereof. That obligation was left, as the fact of his purchase had created it, not strengthened or varied in the least, by the agreement entered into. Certain rights were secured to Haral-

[Clark & Murrell v. Port of Mobile.]

son under the agreement, and certain privileges, if he paid the principal and interest of his bid, and certain costs, by the, then, next term of the Chancery Court. He gave no additional promise to pay. The first charge asked by defendant, asserts the converse of the above proposition. The second charge asked, asserts the proposition, that the defense attempted under plea number 3, is a good defense to this action. We have shown above that neither of these charges should have been given. We deem it unnecessary to notice the various other rulings of the Circuit Court, to which exceptions were reserved. They are free from error.

Affirmed.