No. 14,159.

ARBUCKLE ET AL. *v.* SWIM.

ASSIGNMENT OF ERROR.—*Availability of Error in Favor of All Joining.*—An assignment of error must assign an error which is available in favor of all who join in the assignment.

PRACTICE.—*Evidence.—Not Properly in Record.—Supreme Court.*—Where what purports to be the evidence is written out and signed by a person who adds to his name the word "reporter," and is attached to the transcript, no question upon the evidence is presented for consideration, it not being properly in the record.

From the Hamilton Circuit Court.

*J. Stafford* and *T. E. Boyd*, for appellants.

*T. J. Kane* and *T. P. Davis*, for appellee.

OLDS, J.—This was an action by the appellee against the appellants for the foreclosure of a vendor's lien on certain real estate. The complaint is in four paragraphs. The appellants each filed separate demurrers to each paragraph of the complaint, which were overruled, and they severally excepted to the ruling. Issues were joined, and trial had, resulting in a finding, judgment and decree in favor of appellee.

Arbuckle *et al. v.* Swim.

Appellant Mary E. Arbuckle filed a motion for a new trial, which was overruled, and she excepted. Appellants jointly assign as errors the overruling of the appellant Mary E. Arbuckle's demurrer to each paragraph of the complaint, and the overruling of her motion for a new trial.

As will be seen, the rulings of the court assigned as error were upon the separate demurrers of Mary E. Arbuckle to the complaint, and her separate motion for a new trial, and the appellants jointly assign as error such rulings against Mary E. Arbuckle. This presents no question for the decision of this court. An assignment of error, like a complaint, must assign an error which is available in favor of all who join in the assignment. This is well settled by numerous decisions of this court. See *Sparklin* v. *Wardens, etc.,* 119 Ind. 535; *Orton* v. *Tilden,* 110 Ind. 131; *Robbins* v. *Magee,* 96 Ind. 174, and authorities cited in support of the decisions in those cases.

The only question presented by the motion for a new trial relates to the sufficiency of the evidence, and if there was a proper assignment of error to present the question as to the ruling on the motion, the evidence is not in the record so as to be considered. It does not purport to be embodied in a bill of exceptions, nor is it even copied into the record or certified to by the clerk. There is what purports to be the evidence written out and signed by a person who adds to his name the word "reporter," and this is attached to the transcript. Evidence sought to be brought into the record in this manner can not be considered.

Judgment affirmed, with costs.

Filed April 8, 1890.