Filed Oct. 21, 1893.

* * *

No. 15,753.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY AND THE CHICAGO AND INDIANA COAL RAILWAY COMPANY v. SMOOT.

ASSIGNMENT OF ERRORS.—*Joint Assignment of Separate Rulings on Separate Demurrers and Motions by Different Parties.—Presents no Question.—Joinder in Error.—Waiver.*—Where appellants jointly assign as error the rulings on the separate demurrers of each to the complaint, and the separate motion for a new trial of each, such an assignment presents no question for the decision of the appellate tribunal; and such defect is not waived by a joinder in error.

Opinion on motion for rehearing by DAILEY, J.

From the Newton Circuit Court.

*E. C. Field, W. S. Kinnan* and *S. H. Spooner*, for appellant.

*C. B. Stuart, W. V. Stuart* and *E. P. Hammond*, for appellee.

OLDS, J.—This is an action by the appellee, against the appellants, to recover damages resulting from an injury

received at the station at Fair Oaks, in Jasper county, Indiana.

The railroads of the appellants connect at this point, and they jointly maintain the station. The station house, including waiting room, ticket office, etc., is situate between the two railroads. There was a door in the east side of the waiting room, and one in the west side, opposite that in the east side.

The west door opened into a dangerous pitfall, as alleged, and, on the evening the appellee received the injury, he came to Fair Oaks on one road and was going out on the other in the course of the evening. His wife was with him, and was going to the house of a friend at that place to remain until he returned on the following day, and they stepped into the waiting room at the east door to wait until the train they came on had departed, as they desired to cross the track, and appellee was then going to accompany his wife to her destination. It was dark, and the station house was not lighted, and he could not see the dangerous pitfall, and he knew nothing about it. The west door was open, and he stepped out at it to see if the train had departed, when he fell into the pitfall and was injured.

The appellant, The Chicago and Indiana Coal Railway Company filed a separate demurrer to the complaint, and the same was overruled, and it excepted.

The Louisville, New Albany and Chicago Railway Company also filed a separate demurrer to the complaint, which was overruled, and it excepted.

Then each filed separate answers in denial. There was a trial, and a verdict and judgment for appellee for $5,-000.

Appellants filed a separate motion for a new trial, which was overruled, and appellants excepted.

The Louisville, New Albany and Chicago Railway Co., etc., v. Smoot.

The appellants jointly assign error, in this court, on the rulings of the court aforesaid.

Thus, it will be seen that the rulings of the court were made on the separate demurrers and motions of the appellants, while errors on such rulings are jointly assigned.

The appellants jointly assign as error the rulings on the separate demurrers of each to the complaint, and the separate motion for a new trial of each. That such an assignment of error presents no question for the decision of this court, has been repeatedly decided by this court, and must now be regarded as settled law.

In *Arbuckle* v. *Swim*, 123 Ind. 208, it was said: "An assignment of error, like a complaint, must assign an error which is available in favor of all who join in the assignment."

The same rule is held in *Sparklin* v. *Wardens, etc., St. James' Church*, 119 Ind. 535, and there are numerous other decisions of this court holding the same rule, and which are cited in support of the decisions we have herein referred to.

Under this well settled rule, we must hold that no question is presented by the record.

The judgment is affirmed.

Filed March 29, 1893.

### ON PETITION FOR A REHEARING.

DAILEY, J.—We have examined appellants' petition and the authorities cited, with some degree of care. Appellants urge, in the first place, that the appellee, by his joinder in error, waived the objection that the assignment of errors did not present any question for the decision of the court. The authorities draw a distinction between a motion to dismiss an appeal on the ground of want of proper parties, defects in the clerk's certificate, etc., and an insistence on an affirmance because the rec-

cord does not properly present the questions relied on as error. Such motion to dismiss must precede the joinder in error, or it will be thereby waived. The authorities cited by appellants, in their brief on petition for a rehearing, go to the point that after joinder in error it is too late to move to dismiss the appeal for informalities which could only be taken advantage of by that motion. By joining in error, the appellee does not waive his right to urge any matter, apparent upon the face of the record, which entitles him to an affirmance of the judgment. He may insist that the judgment should be affirmed because the assignment of errors presents no question for the consideration of the court, and, also, even if it shall be found that such questions are presented by the record, there is, in fact and in law, no error in the record. In such case, if the court find that the alleged errors are not properly presented, it has nothing to do but to affirm the judgment.

The appellee's original brief, in this case, was on file nineteen months before the judgment of this court was rendered affirming the judgment of the court below, in which he contended that the assignment of error presented no question, and cited several authorities fully sustaining his position. The position of appellee was well taken, and had counsel made proper application before the decision was rendered, the court would have permitted them to amend their assignment of errors.

A rehearing can not be granted to enable them to make such amendment. Elliott's App. Proced., section 556.

A joinder in error waives only such objections as may be reached by a motion to dismiss. Elliott's App. Proced., section 406, and cases there cited.

In section 404, *supra*, the learned author says: "The common plea, or, as we call it, and as it is generally called elsewhere, the common joinder is; 'There is no

error in the record or proceedings.' This plea, or answer, is in the nature of a demurrer. It admits all that is properly part of the record, and presents an issue of law. Under the old rules it did not admit errors that 'were ill-assigned.' Some of our decisions * * hold that errors not accurately assigned are admitted, but, certainly, what can not be assigned as error is not confessed by the common joinder. We suppose all that can be said is that under our system the common joinder waives matters of form but not matters of substance. That it does not confess specifications not well made is settled beyond controversy. This is the doctrine of the long line of cases which hold that the specifications of error must be definite, as well as of the great number of cases which hold that reasons for a new trial can not be made specifications in the assignment of errors. There can be little doubt that under our system of procedure matters of substance which render bad the specifications in the assignment of errors are not made unavailing by a common joinder in error. Matters of form can not be made available upon such a plea or answer, but matters of substance may be. It has never been the practice to specifically object to such specifications as we have named, but it has always been held that the appellee may make objections after joining in error, that is, he may show that the specification is not sufficient to bring in review the rulings of the trial court.''

In the case at bar, the joinder in error, following immediately after the assignment of errors, is somewhat out of the usual form, and seems to have been drawn with a view of not waiving objections to the assignment of errors. It reads: ''The appellee waives notice, and for answer to the foregoing assignment of errors, he says there is no error in the record as therein complained of.''

In this case, there is no question that the appellants made a joint assignment of errors.  It makes little difference, in view of the record, whether appellants' motion for a new trial was joint or several, because that motion presents no question to this court.  All the matters relied upon in the motion for a new trial relate to the evidence, and as the evidence is not properly in the record, the questions thus sought to be presented can not be considered.  The evidence is not in the record, because it affirmatively appears from the bill of exceptions that when it was signed by the judge, the longhand manuscript of the evidence, made by a shorthand reporter, was not incorporated therein.  *Seymour Woolen Factory Co.* v. *Broadhecker, Treas.*, 130 Ind. 389, 30 N. E. Rep. 528.

Petition for rehearing overruled.

Filed Oct. 18, 1893.