No. 1,124.

### MILLER ET AL. v. BUCHANAN.

DEMURRER.—*Joint Demurrer.*—*When Unavailable.*—*Complaint.*—A joint demurrer to a complaint, by two defendants, can only be sustained where the complaint is bad as to both the demurring parties.

JUDGMENT.—*Reversal.*—*Right on the Evidence.*—*Appellate Court Practice.*—If the judgment is clearly right on the evidence, it will not be reversed because of intervening errors.

From the Clinton Circuit Court.

*J. C. Farber,* for appellants.

*J. V. Kent, R. W. Irwin* and *J. Claybaugh,* for appellee.

GAVIN, J.—The appellant Miller and the appellee entered into a written contract, by the terms of which Miller traded to Buchanan a stock of goods, to be invoiced at the "marked cost price marked thereon." Each party deposited in the Farmers' Bank of Frankfort $1,500, as a forfeit, with instructions to pay over the entire amount of $3,000 to the other party should either fail or refuse to comply with the terms of the contract. After invoic-

ing for two or three days, the parties disagreed as to the price at which some flowers were to be invoiced, whether at so much a bunch or so much a box. The trade thereupon fell through, and the bank paid the $3,000 to Miller over Buchanan's protest. Buchanan then brought suit against the bank and Miller, claiming the $3,000.

Upon a trial by jury, appellee recovered simply his own $1,500, with interest. From the judgment rendered upon this verdict, the appellants, Miller and the bank, both appeal.

They join in assigning as error that the complaint does not state facts sufficient to constitute a cause of action.

The assignment of error, being joint, can only be sustained by showing the complaint to be bad as to both the appellants. There is no claim by them that this is the case. On the contrary, the only argument presented by appellants in behalf of this assignment is that the complaint must state a good cause of action against both the defendants, and does not do so. This is not the law. *Becknell* v. *Becknell*, 110 Ind. 42; *Rogers* v. *Union, etc., Life Ins. Co.*, 111 Ind. 343; *Arbuckle* v. *Swim*, 123 Ind. 208; *Louisville, etc., R. W. Co.* v. *Smoot*, 135 Ind. 220.

A number of questions arising upon the instructions and evidence are vigorously discussed by counsel. In the main, we regard the rulings of the court as free from error. In one or two instances, there may be room for considerable doubt. We do not, however, deem it necessary for us to solve these doubts, for the reason that a careful examination of the evidence convinces us thoroughly that a just, equitable, and right result has been reached. Under the evidence given by appellant himself, he could not, by any possibility, be held entitled to retain appellee's $1,500. This being true, and the trade having fallen through, appellee was clearly entitled to its return.

As is said by the court in *Woods* v. *Board, etc.*, 128 Ind. 289: "Section 658, R. S. 1881, being section 670, R. S. 1894, contains the following: 'Nor shall any judgment be stayed or reversed, in whole or in part, when it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below,' and this court has many times decided that where the record affirmatively shows that the verdict is right upon the evidence, the judgment will not be reversed because the court has erred in the instructions given to the jury." *Ledford* v. *Ledford*, 95 Ind. 283.

Being satisfied that by appellants' own evidence appellee's right to the return of his money is fully established, we hold there was no available error in overruling the motion for a new trial.

Judgment affirmed.

Filed April 19, 1894.

### ON PETITION FOR A REHEARING.

GAVIN, J.—In view of our conclusion as to the correctness of the verdict upon the evidence properly admitted, no good purpose would be subserved by taking up and deciding *seriatim* the various errors alleged to have occurred.

Counsel insists so strenuously that he can see no wrong in the conduct of his client, that we set out a portion of the evidence which, in our opinion, shows him to have been clearly in the wrong.

The appellee testified that appellant Miller represented to him that the goods were marked at cost.

The appellant Miller testified as follows:

"Q. Didn't you hold out an inducement that the goods you sold to him was sold at cost? A. Yes, sir; and I did invoice them at cost.

"Q. Yet you don't know what these goods cost you?

You will not state to this jury they cost you a dollar a piece? A. I will tell them they cost all the way from twenty-five per cent. to thirty per cent. on the dollar. Any goods I bought at a discount they were marked——.

"Q. If you bought goods that cost you ten cents on the dollar, but the wholesale price was a dollar, you charged Mr. Buchanan a dollar? A. I never bought any goods for ten cents.

"Q. If they cost you twenty-five cents you sold them to Buchanan at a hundred cents on the dollar? A. Yes, if they were worth it."

Redirect:

"Q. But the wholesale cost price of the goods was the prices marked on the goods? A. Yes, sir; my wholesale prices, not anybody else's. I have as good a right to my wholesale prices as anybody has."

Again, in appellant Miller's evidence, we find (referring to the flowers):

"Q. If they cost twenty-five cents a piece and you put your wholesale price on them you marked them at a dollar a piece? A. If they were bought for twenty-five cents and were worth a dollar I should mark them at a dollar.

"Q. If they were worth ten cents a piece and the wholesale had been a dollar you marked them at a dollar? A. Yes, sir. George Miller, the brother and clerk of appellant, and his representative in making the invoice, testified concerning the flowers:

"Q. Isn't it true that these flowers didn't cost to exceed from twenty-five to fifty per cent. of the prices marked on the boxes? A. Some were and some wasn't.

"Q. Isn't it true that the prices were marked up above what they actually cost your brother? A. Well, some were and some wasn't."

Thus, under appellant's own evidence the pretense that the goods were marked at cost, which was held out as an inducement to the purchase by appellee was a plain, palpable fraud, so confessed by appellant. In our judgment such a fraud would forever bar appellant from retaining appellee's money obtained by such means.

The petition is, accordingly, overruled.

Filed Sept. 21, 1894.