## KISLING *v.* BARRETT.

[No. 5,053. Filed June 24, 1904. Rehearing denied December 15, 1904.]

1. PARTNERSHIP.—*Dissolution and Accounting.—Equitable Proceeding.*—An action for the dissolution of a partnership and an accounting is an equity proceeding.  p. 308.
2. TRIAL.—*Exceptions to Conclusions of Law.—Question Presented.*—An exception to the conclusions of law admits that the facts were found correctly.  p. 309.
3. SAME.—*Motion for New Trial.—Insufficient Evidence.—Error in Admitting.*—Where the evidence is insufficient to establish a fact found by the court, or where evidence is improperly admitted or rejected, the question can be raised only by a motion for a new trial and by bringing the evidence before the reviewing court.  p. 309.
4. PARTNERSHIP.—*Dissolution and Accounting.—Decree.*—In an action for the dissolution of a partnership and an accounting, a final decree, directing the payment of the costs of the trial and of the receivership therein, and directing the defendant to pay the amount found due to such partnership from him, and then directing the amount of the proceeds to be evenly divided according to the terms of such partnership, is proper.  p. 309.

From Superior Court of Madison County; *Edward D. Reardon,* Special Judge.

Action by Louis B. Barrett against Pleasant Kisling for the dissolution of a partnership and an accounting. From a decree for plaintiff, defendant appeals. *Affirmed.*

*John T. Ellis, Byron McMahon* and *Edmund F. Daily,* for appellant.

*William A. Kittinger* and *William S. Diven,* for appellee.

HENLEY, J.—Appellee and appellant were partners engaged in the business of operating a sawmill. They were unable to agree as to the manner of conducting the business, and on the 22d day of February, 1902, appellee began an action against appellant, asking a dissolution of the partnership, an accounting, and the appointment of a receiver to take charge of the firm's assets and to close up the business of the firm.

In his complaint, appellee avers that the partnership agreement was entered into on the 22d day of June, 1898, and was to continue for an indefinite period; that on said date the partnership purchased a sawmill, and has since that time operated and carried on the business of running said sawmill; that, under the partnership agreement, they were to be equal partners in every way, including expense, profit and loss; that both parties have, during the continuance of the partnership, done and performed labor for the partnership, and have each furnished money for the purposes of the business; that appellant has had the partnership do a large amount of work for him, both in sawing and hauling lumber; that appellant has converted to his own use a large amount of the goods belonging to said partnership, and has refused to account to appellee or to the firm for the work and labor done and performed by the firm for him; that appellant has collected a large sum of money from the customers of said firm, and has refused to account to the firm or to appellee for the same; that the partnership has

assets consisting of the sawmill business, stock on hands and accounts due, and has indebtedness to the amount of $100; that appellee has demanded of appellant a settlement and adjustment of the affairs of the partnership, but has been unable to make any settlement or agreement thereof. Appellee's complaint concludes as follows: "And he says said defendant has converted to his own use a large amount of the assets of said partnership, in moneys collected and received, for which he has not accounted, and owes said partnership a large amount for sawing and other work, which plaintiff can not give for the reasons hereinbefore stated; that there is a large amount due to this plaintiff from said partnership for moneys advanced and paid to said partnership, and for work and labor done, and he alleges, on final adjustment of all the matters, that the said defendant will be indebted to said partnership in a large amount, and said partnership will be indebted to said plaintiff in a large amount, for money paid and work and labor done, but the exact amount he has no way at this time of ascertaining, on account of said defendant's refusing to furnish the books which he has possession of, or to render any account to this plaintiff of said partnership matters; that said partnership matters, on account of this disagreement, are suffering, and will go completely to waste, and neither will permit the other to operate the business; that said partnership should be dissolved, for the reason that said defendant refuses to join with plaintiff in dissolving and winding up said business and disposing of the property and fully and completely settling their accounts; that plaintiff and defendant can not agree upon a settlement of their partnership matters, and the defendant will not allow the plaintiff to proceed in the operation of the business, and will not furnish to plaintiff the accounts by which he can make the adjustment and settlement. Wherefore, plaintiff prays that said partnership be dissolved; that he have an accounting of the partnership affairs with said defendant; that said defendant be

compelled to account for the partnership assets in his hands
and amount due to said partnership from him, the said
defendant, and that said business be fully and finally set-
tled; that the court ascertain the amount of all debts owing
by said partnership to third persons, and the expenses, and
the plaintiff's interests therein, upon the said accounting,
dissolution, and settlement of said partnership, be ascer-
tained and fixed; and he further prays that a receiver be ap-
pointed to take charge of said business of said partnership
assets, and dispose of same under order of this court, and
make proper and full disposition of the proceeds, such as
the court may order upon a full accounting and settlement
of said partnership affairs and payment of all debts, the
adjustment of the amount due from and owing by each
of the partners, and a full and final adjustment of said part-
nership; that, upon the court's taking charge of the matters,
the property should be turned over to the receiver, and
plaintiff and defendant be ordered to account to said re-
ceiver for all amounts received by each, and have credit for
all amounts due each." · Appellant answered by general
denial. There was a trial by the court. At the request of
the appellant the court found the facts specially, and stated
conclusions of law thereon. To each of the conclusions of
law the appellant excepted.

The facts as found by the court were that, on the 21st day
of June, 1898, appellant and appellee entered into a co-
partnership under the firm name of Barrett & Kisling, for
the purpose of purchasing and operating a sawmill; that
they were to be equal partners, and were each to share
equally in the profits and losses of the business; that said
partnership was for no fixed term; that on said last-men-
tioned date the firm purchased a sawmill, together with a
lease on certain real estate upon which they located the saw-
mill, and upon which was already located a dwelling-house
and outbuildings, and that they paid for said mill and lease
the sum of $800; that they took possession of the sawmill

and premises on the 21st day of June, 1898, and carried on the business of running said mill until about the 15th day of January, 1902, when appellee requested of appellant an accounting and settlement of the partnership affairs, which appellant refused to make; that appellee began this action on the 22d day of February, 1902; that Byron McMahan was duly appointed receiver of said firm on the ——day of August, 1902, and, as such receiver, sold the sawmill, with its appurtenances and the lease of the real estate and premises, and now has in his hands, as such receiver, the sum of $276.25; that appellee paid on the purchase price of said sawmill the sum of $255; that he has paid in cash for operating expenses of said firm the sum of $1,481.77; that he has performed work and labor for said firm at an agreed price in the sum of $227.50; that he has hauled lumber for said firm, which work was of the value of $112.30; that he has hauled logs for said firm, which work was of the value of $157.17; that he has done other work and labor for said firm to the amount of $71.94—making a total of cash paid into said firm and of work and labor done by appellee in the sum of $2,315.68; that the said appellee has received from the said firm credits amounting to the sum of $2,199.91. It is further found that the appellant has paid into said firm and is entitled to credits amounting to $2,482.98, and that said appellant has received from the firm, and is chargeable with cash received and labor done by said firm for him, the sum of $2,788.29; that all the indebtedness of said firm is paid, and that there is due said firm from other parties the sum of $224.57; that the said sum of $224.57 and the sum of $276.25 in the hands of the receiver, as aforesaid, constitute all the assets of said firm, except the amount due said firm from the appellant Kisling; that the costs of this action, including the entry of final judgment and decree, are $204.50.

1.   Under the head of errors relied on, counsel for appellant set out fifteen specifications of alleged error in their

brief.    Before taking up and disposing of these alleged errors, it is well to say that this is a suit in equity, in which both parties are before the court to do and receive equity. Its purpose was to secure a general accounting of the matters connected with the partnership, and fully to close up the same.    The averments of the complaint are broad enough, under which evidence might have been properly introduced to sustain any matter which has been found by the court in its special finding of·facts.    It is hardly necessary to cite authorities to the effect that this is an equitable proceeding. *Miller* v. *Rapp* (1893), 135 Ind. 614; *Briggs* v. *Daugherty* (1874), 48 Ind. 247; *Kimble* v. *Seal,* 92 Ind. 276.

2.    The exceptions to the conclusions of law admitted that all the facts were fully and correctly found which were within the issue presented.    Consequently, appellant's first, second, third, fourth, fifth, sixth, seventh, eighth, ninth and tenth errors relied on are not presented by exceptions to the conclusions of law.

3.    To show the character of the errors relied on, numbered from one to ten, we set out the third:    "The finding of the court that appellee is entitled to a credit of $112.30 for hauling lumber for said firm."    This item was clearly within the issues presented, and, being within the issues, the only way it could have been objected to, if not sustained by evidence, would have been by motion for a new trial, and by bringing the evidence to this court for consideration.    This, appellant has not done.    If there was no evidence to sustain any of these various facts found by the court, or if improper evidence was introduced from which the court made its finding, the error could only be presented by bringing before the court the evidence introduced upon the trial of the cause.

4.    In its conclusions of law, the court, after directing the payment of the costs of the trial and of the receivership, and directing the payment of the amount found due the partnership from appellant, rendered a judgment in accord-

ance with the, facts and conclusions of law, by which appellant and appellee each received one-half of the proceeds of their partnership. This was exact justice, and in exact conformity with the agreement of partnership between the parties to this action.

There are no questions presented by this appeal which justify a reversal of the judgment. Judgment affirmed.