## WILLIAMS, ADMINISTRATOR, *v*. DOUGHERTY.

[No. 5,847. Filed March 13, 1906.]

1. APPEAL AND ERROR.—*Assignment of Errors.—Names.*—An assignment of errors entitled: "Henry Williams, Administrator of the Estate of Adam S. Dougherty, Deceased, Appellant v. Mary J. Dougherty, Appellee," is sufficient, in the absence of a showing that there were other parties to the judgment. p. 450.

2. SAME. — *Judgment. — Personal. — Appeal in Representative Capacity.*—Where the complaint in the caption names defendant in his personal capacity but in the body seeks to remove him from his representative capacity, and some other pleadings name him individually and some in a representative character, and the judgment removes him from his representative capacity, an appeal by him in his representative capacity is properly taken. p. 450.

3. SAME.—*Assignment of Errors.—Want of Prayer for Relief.*—The want of a prayer for relief is not fatal to an assignment of errors otherwise sufficient. p. 451.

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Mary J. Dougherty against Henry Williams, as administrator of the estate of Adam S. Dougherty, deceased. From a judgment for plaintiff, defendant appeals. On motion to dismiss appeal. *Motion denied.* (For decision on merits, see 38 Ind. App. ——.)

*William Featherngill,* for appellant.

*C. B. Clarke, W. C. Clarke* and *Deupree & Slack,* for appellee.

COMSTOCK, J.—Appellee filed her complaint in the Johnson Circuit Court asking that letters of administration issued in vacation by the clerk of said court to the appellant, on the estate of Adam S. Dougherty, deceased, and confirmed by said court in term, be set aside and declared null and void, and that the judgment of the court confirming said letters be vacated. Issues were joined by general denial. Upon a hearing of the cause judgment was rendered in favor of appellee as prayed for in the complaint.

Appellee moves to dismiss the appeal upon the grounds: (1) That the assignment of errors does not contain the full names of all the parties to the cause appealed; (2) that it shows an appeal to this court made by Henry Williams, administrator of the estate of Adam S. Dougherty, deceased, but said Henry Williams, administrator of the estate of Adam S. Dougherty, deceased, was not a party to said cause now appealed to this court; (3) that the assignment is not made by Henry Williams, the party against whom the judgment in the court below was rendered, from which judgment an appeal was prayed; (4) it does not contain any prayer for relief.

These grounds in their order: First: The assignment of errors entitled "Henry Williams, administrator of the estate of Adam S. Dougherty, deceased, appellant, v. Mary J. Dougherty, appellee." This gives the full names, within the rule, of the only parties to the suit. Counsel do not, in the motion or in the brief in support thereof, attempt to show that there are other parties.

The second and third reasons for dismissal may be considered together. The complaint was filed February 28, 1905, and was entitled "Mary J. Dougherty v. Henry Williams." It alleges the application for letters testamentary and the appointment of Henry Williams as administrator of the estate of Adam S. Dougherty, her late husband, and asks that the appointment be revoked. Subsequently divers motions were made by Henry Williams, administrator—one to require the plaintiff to verify her petition, one to strike out an exhibit filed with the petition, one to dismiss the plaintiff's petition, and one to require plaintiff to make her petition more specific. A demurrer to the complaint, an answer to the complaint and a demurrer to the second paragraph of answer were each filed and overruled. These motions and de-

murrers and answers are numbered 596. The motion to verify the petition is filed under the title of "Henry Williams, administrator of the estate of Adam S. Dougherty;" the motion to strike out, "Mary J. Dougherty v. Henry Williams;" and the motions to dismiss and to make more specific are entitled "In the matter of the estate of Adam S. Dougherty." The complaint, said motions, demurrers and answers show that the appellant was sued in his representative capacity. The judgment is in the following language: "It is therefore ordered, adjudged and decreed by the court that said judgment of the appointment of said Henry Williams, administrator of the estate of Adam S. Dougherty, deceased, and the issuance of letters to him of administration on said estate, are void and of no effect in that said Johnson Circuit Court had no jurisdiction so to do, and it is further adjudged by the court that said judgment and appointment as aforesaid and that the issuance of letters as aforesaid to said estate are held for naught." It is from this judgment the appeal is taken. "It is the character of the suit that determines this right [of appeal]; and that does not depend on the mere naming the party as executor or administrator in the process or declaration, but upon the cause of action as developed in the pleadings, and whether the recovery is sought in a representative or individual capacity." *Pugh* v. *Ottenkirk* (1842), 3 Watts & S. 170. The judgment removing the administrator did not deprive him of his right of appeal. *Case* v. *Nelson* (1899), 22 Ind. App. 22.

Our attention has not been called to any authority in support of the remaining reason: "The assignment of errors does not contain any prayer for relief," the 3. assignment of errors is the complaint in the appellate tribunal. It is only necessary that it should be so formed that issue can be joined upon it. The assignment of errors before us gives the title of the action, and immediately following proceeds: "The appellant says there

is manifest error in the proceedings and judgment in this cause, in this." Then follows a statement of the specifications of error. This is sufficient.

Motion to dismiss overruled.