## GUYER ET AL. v. THE UNION TRUST COMPANY OF INDIANAPOLIS, TRUSTEE.

[No. 8,071. Filed February 5, 1914.]

1. APPEAL.—*Assignment of Errors.—Waiver.*—An assignment of error is waived by failure to discuss it in appellants' brief. pp. 475, 482.

2. APPEAL. — *Assignment of Errors. — Joint Assignment. — Sufficiency.*—Where only one of several defendants moved for a new trial, a joint assignment of error in the overruling of such motion presents no question. p. 482.

3. PLEADING.—*Answer.—Former Adjudication.*—In an action for the foreclosure of a mortgage, where defendants claimed that plaintiff had been given a chattel mortgage which was to be the primary security, and that because of plaintiff's negligence in recording the same the lien thereof was lost, an answer setting up the judgment in an assignment proceeding by which plaintiff was precluded from any security under such chattel mortgage, was insufficient to present an issue of former adjudication as to such question of negligence, in the absence of averments as to who were parties to the proceeding, or as to what the issues were, or that any issue was formed on the question of whether such chattel mortgage was filed within the time required by statute. p. 483.

4. ACKNOWLEDGMENTS.—*Sufficiency of Certificate.—Essentials for Recording.*—Under §7472 Burns 1908, Acts 1897 p. 240, providing

that as a prerequisite to the recording of a chattel mortgage, it shall be acknowledged as provided in cases of deeds of conveyance, and §3982 Burns 1908, §2947 R. S. 1881, providing what shall constitute a sufficient acknowledgment of any deed or mortgage, a certificate to a chattel mortgage merely stating that the mortgagors signed the instrument, was invalid, and such mortgage was not entitled to be recorded.   p. 485.

5.  CHATTEL MORTGAGES.—*Invalid Certificate of Acknowledgment.—Effect of Recording.*—Where a chattel mortgage was not admissible to record because not bearing a proper certificate of acknowledgment, it was valid only as between the parties, and the recording of same within ten days after its execution could not extend its efficacy so as to affect even those having actual notice.   p. 486.

6.  MORTGAGES.—*Foreclosure.—Answer.—Sufficiency.—Negligence in Recording Chattel Mortgage.*—In an action to foreclose a mortgage, an answer averring that plaintiff had been given a chattel mortgage which was to be the primary security, and that because of plaintiff's negligence in recording the same the lien thereof was lost, was insufficient to constitute a defense to the action, where it also appeared that because of an invalid acknowledgment such chattel mortgage was not entitled to record, since actionable negligence can not be predicated on any delay or neglect in filing an instrument for record where the act of recording can give it no added efficacy.   p. 486.

7.  JUDGMENT.—*Former Adjudication.—Burden of Proof.*—Defendant, who tenders the issue of former adjudication, has the burden of proof thereon.   p. 487.

8.  TRIAL.—*Exceptions to Conclusions of Law.—Effect.*—Exceptions to conclusions of law admit, for the purposes of the exceptions, that the facts within the issues were fully and correctly found.   p. 487.

9.  APPEAL.—*Questions Reviewable.—Ruling on Motion for New Trial.—Sufficiency of Special Findings.*—The sufficiency of a special finding of facts is not tested by a motion for a new trial, where the ruling on such motion was not properly presented for review on appeal.   p. 487.

10.  TRIAL.—*Special Findings.—Sufficiency.*—In an action to foreclose a mortgage, where defendants contended that plaintiff had been given a chattel mortgage which was to be the primary security, but that plaintiff had lost the lien of same by its negligence in recording it, a finding of facts showing that plaintiff was merely a nominal party in the proceeding in which plaintiff's security under such chattel mortgage was denied, that the real party in interest was one of the defendants in the foreclosure suit, and that in such prior proceeding such chattel mortgage was

adjudicated not to be a lien for the reason that it was not filed for record in time, are consistent with and support the conclusion of law against the defendants on the issue that plaintiff's negligence in recording such chattel mortgage was adjudicated in such former proceeding, in the absence of a finding that plaintiff was charged with any duty with respect to recording same. p. 487.

11.  CHATTEL MORTGAGES.—*Evidence.—Execution.—Presumptions.*— The execution of a chattel mortgage is completed by delivery, and while, in the absence of a showing to the contrary, such an instrument will be presumed to have been executed on the day of the date it bears, it is always permissible to show the true date of execution, and to that end to show when it was delivered, even though the date thus established is different from the date which it bears on its face. p. 488.

12.  TRUSTS.—*Action by Trustee.—Pleading.*—In an action by the trustee of an express trust, the complaint should disclose the name of the *cestui que trust*, and show that the suit is prosecuted for his benefit. p. 490.

13.  PARTIES.—*Designation.—Surplusage.*—Where the plaintiff in an action to foreclose a mortgage was designated in the caption of the complaint as trustee, and the facts alleged showed that plaintiff was the real owner of the debt and the mortgage securing it, the use of the term trustee must be regarded as *descriptio personae* and therefore mere surplusage that could not affect the finding and judgment for plaintiff. p. 490.

14.  BILLS AND NOTES.—*Execution.—Delivery.*—Delivery is the final step in the execution of a note, and the issue of its nonexecution can be raised only by an answer of *non est factum*, so that in an action where the notes involved were in plaintiff's possession and were introduced in evidence without objection, and there was no issue formed respecting their execution, the special finding of facts was not insufficient for failure to include a specific finding that the notes in suit were delivered. p. 491.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by The Union Trust Company of Indianapolis, Trustee, against William Guyer and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*William Besson* and *Brill & Harvey,* for appellants.

*Charles W. Smith, John S. Duncan, Henry H. Hornbrook* and *Albert P. Smith,* for appellee.

CALDWELL, J.—Appellee commenced this action in the Superior Court of Marion County, declaring on a series of

fifteen notes, alleged to have been executed by appellant, William Guyer, to the Union Trust Company of Indianapolis, and on a real estate mortgage securing the notes, alleged to have been executed by William Guyer and appellant, Maggie Guyer, his wife. The venue of the cause was changed to the Hendricks Circuit Court, where the trial was had. The complaint was not tested by demurrer or motion in the court below, and while its sufficiency is challenged in this court by an assignment of error, such assignment is waived by not being discussed in appellants' brief.

In addition to William Guyer and Maggie Guyer, the appellants, John Guyer and Mary Guyer, his wife, Charles B. Guyer and Dessie L. Guyer, his wife, Flora F. Zink and Samuel B. Zink, her husband, and Sallie Katie Guyer are made defendants to the complaint, it being alleged that the additional defendants claim some interest in or lien upon the real estate described in the mortgage. It is alleged that John, Charles B. and Sallie Katie Guyer, and Flora F. Zink are children of William and Maggie Guyer. Copies of the notes are filed as exhibits to the complaint. They aggregate $1,250, exclusive of interest, and each bears date of September 28, 1905. Each of the notes is made payable to the Union Trust Company of Indianapolis, or order, at the office of the Union Trust Company of Indianapolis, Indiana, and is signed by William Guyer, as maker. A copy of the mortgage is also filed with the complaint and made an exhibit thereto. It shows on its face that it was signed and acknowledged by William and Maggie Guyer on September 28, 1905. It is made to the Union Trust Company of Indianapolis, Indiana, trustee, as mortgagee. The notes are accurately described therein, except that the following language is used as descriptive of the maker and payee of the notes, to wit: "All of said notes being executed by William Guyer and Maggie Guyer, and payable to said mortgagee." Said mortgage contains also the following provision, to wit:

"The said mortgagors hereby expressly agree to pay all and singular the sums of money by this mortgage above secured, without relief from valuation or appraisement laws of the State of Indiana." The notes and the mortgage introduced in evidence on the trial of the cause are identical with said copies exhibited with the complaint.

Briefly stated, the facts in this case are in part as follows: On March 21, 1905, the Union Trust Company of Indianapolis, as receiver, offered for sale certain personal property connected with the "Club Stables," located on West Market Street, Indianapolis. Appellant, Charles B. Guyer, desired to purchase the property, but the receiver being unwilling to take his note for the deferred payment, appellant, William Guyer, father of Charles B. Guyer, became at least the nominal purchaser thereof, and thereupon paid the purchase price, partly in cash and the residue by the execution of his promissory note to the receiver in the sum of $1,300, maturing September 21, 1905, and secured by a chattel mortgage on the property sold. William Guyer, soon after the purchase of the property, transferred it by bill of sale to Charles B. Guyer, who thereupon took possession of it, and retained such possession until March —, 1906, when he made a general assignment for the benefit of his creditors. The note not having been paid, William Guyer negotiated with the Union Trust Company for a loan, the proceeds to be used in the payment of the note held by the trust company as receiver. Pending the negotiations, the trust company caused to be prepared a series of sixteen promissory notes and a real estate mortgage, describing real estate owned by William Guyer. Six of the notes were in the sum of $50 each and the remaining ten were in the sum of $100 each. The notes and mortgage and the certificate of acknowledgment to the latter bear date of September 28, 1905, on which day William Guyer signed the notes and mortgage, and he and his wife signed and acknowledged the latter. There was some controversy at the trial

of the cause as to when the notes and mortgage were delivered to the trust company and accepted by it, but it was not controverted that they were at some time delivered and accepted, and the loan consummated and the proceeds thereof used to discharge the note held by the trust company as receiver. One of the $50 notes was paid. The other fifteen and the mortgage are the notes and mortgage, copies of which are exhibited with the complaint. At the time when William Guyer signed the notes and mortgage, he signed also a chattel mortgage purporting to mortgage to the trust company said personal property. In the body of the chattel mortgage, both William Guyer and Charles B. Guyer are named as mortgagors, the mortgagee named therein being the Union Trust Company of Indianapolis. It describes the sixteen notes as secured thereby, except that in the description of the notes occurs the following: "All of which are executed by the mortgagors to the Union Trust Company" and also "negotiable and payable at the office of the Union Trust Company." The chattel mortgage contains also the following provision: "All the property herein named shall be treated as primary security." The chattel mortgage is signed by both William Guyer and Charles B. Guyer, and immediately after their signatures is found the following, in place of a certificate of acknowledgment: "In witness whereof the mortgagors have hereunto set their hands and seals this 3rd day of October, 1905. Benj. H. Dugdale, Notary Public. My commission expires May 26, 1908."

Among the matters controverted are, as to when the execution of the chattel mortgage was completed by delivery; whether it was recorded within ten days after its execution, as required by the statute; if not, whether the trust company was negligent in not filing it for record; whether it bears such a certificate of acknowledgment as entitled it to record; whether any or all of these matters were adjudicated in the proceedings growing out of the voluntary

assignment of Charles B. Guyer.    The relationship that
William Guyer and the trust company bear to the chattel
mortgage, and whether it was executed for the benefit of
William Guyer are also in controversy.    There is also a
controversy respecting the effect that must be assigned to
the evident discrepancy in the use of the name of the
trust company as it appears in the complaint and in the
various instruments.

All the defendants, except Sallie Katie Guyer, joined in
an amended answer, which we shall designate as the first
paragraph of answer.    The answer is very lengthy, but the
substance of it is as follows:   that the trust company, to
induce William Guyer to execute the real estate mortgage,
securing the loan, agreed to take also the chattel mortgage
containing the provision that the property therein de-
scribed should be the primary security; that under such
inducement William Guyer did execute the real estate mort-
gage; that the chattel mortgage was delivered to the trust
company more than ten days before November 14, 1905,
but that it negligently failed to file it for record within ten
days after its execution was completed by delivery, and
did not file it for record until November 14, 1905, alleged
to be more than ten days after its execution was com-
pleted, as aforesaid;   that in the proceeding wherein
Charles B. Guyer made a general assignment for the benefit
of his creditors, the mortgage was adjudged invalid as
against the creditors of Charles B. Guyer, by reason of its
not having been recorded within ten days as aforesaid,
whereby William Guyer lost the protection that he might
otherwise have had under the chattel mortgage; that the
property described in the chattel mortgage was worth more
than $2,000 and sold for more than that sum at the assignee's
sale.

It is contended by appellants that the answer states a
good cause of defense on the theory that the trust company
held the chattel mortgage as primary security for the pay-

ment of the notes, and that it was charged with the duty of filing the chattel mortgage for record within the time specified by the statute; that it negligently failed to discharge its duty, whereby William Guyer lost the benefit of the protection that would otherwise have been afforded him by the chattel mortgage, and that such loss amounted to more than the sum due on the notes. It is urged also that there are facts pleaded in the answer presenting the defense of former adjudication. These facts are in substance as follows: That the Union Trust Company caused to be filed in the matter of said assignment the following paper:

"State of Indiana, Marion County. In the Marion Circuit Court. In the matter of the assignment of Charles B. Guyer. Comes now the Union Trust Company of Indianapolis, Indiana, and enters its appearance to the petition of Hiram W. Miller, assignee, dated Aprll 30, 1906, asking for leave to sell property, and consents to the order being made as therein asked, and it represents that there is due it upon its mortgage indebtedness from Charles B. Guyer on his said mortgage executed by him, dated October 3, 1905, as therein described, the sum of about $1,300 more or less, and they ask that their lien be properly protected by transferring same to the proceeds derived from such sale. Union Trust Company, By James W. Harper, Atty."

That such proceedings were had in the cause as that the probate commissioner to whom the same was referred, found among other things, that the chattel mortgage was delivered to the Union Trust Company on or before October 12, 1905, but was not recorded by it until more than ten days after its execution, to wit, November 14, 1905; that the probate commissioner further found that the indebtedness secured by the chattel mortgage was also secured by a mortgage upon real estate of a value sufficient to pay such indebtedness; that on the findings, the circuit court of Marion County made its finding and entered its judgment and decree in substance that the indebtedness was secured by a mortgage executed by William Guyer on real estate amply sufficient

in value to pay the indebtedness owing by William Guyer
to the Union Trust Company; that the real estate be first
exhausted before any of the assets or funds in the hands
of the assignee be resorted to for the purpose of paying
such indebtedness.

To the first paragraph of answer, appellee filed a reply
in two paragraphs, the first of which was a general denial.
By the second paragraph, the facts are specifically set out
respecting the origin of the note held by the receiver, the
negotiating of the loan and the execution and delivery of
the notes and mortgage sued on in this action.   It is further
alleged in substance that the chattel mortgage was executed
at the request of William Guyer, and pursuant to an agree-
ment that it should be executed solely for the protection of
William Guyer, and that appellee should not be charged
with any duty or responsibility respecting it; that it was
agreed that William Guyer should be permitted to take
steps for his own protection in the name of the trust com-
pany, at any time when he deemed it necessary, in order
that the chattel mortgage might be enforced; that the peti-
tion so filed in the assignment proceeding was filed and
prosecuted to termination by William Guyer, and on his
own motion, by his attorney, James W. Harper, pursuant
to their agreement, and that the trust company was merely
a nominal party thereto; that Harper was at all times attor-
ney for William Guyer, and that he was at no time attorney
for the trust company; that the chattel mortgage was de-
livered to the trust company on or after November 10, 1905,
and by it filed for record on November 14, 1905.   Subse-
quently, the appellants John Guyer and Mary Guyer, his
wife, Charles B. Guyer and Dessie L. Guyer, his wife, Flora
F. Zink and Samuel B. Zink, her husband, and Sallie Katie
Guyer filed a second paragraph of answer, alleging in sub-
stance that John Guyer, Charles B. Guyer, Flora F. Zink
and Sallie Katie Guyer are children of William and Maggie
Guyer, and that on October 10, 1905, William and Maggie

Guyer conveyed the lands described in the complaint to said children by warranty deed, subject to all liens and encumbrances thereon, and that at the time, while the notes and mortgage declared on in this action had been executed by William and Maggie Guyer, they had not been delivered to the trust company, and were not so delivered until November 13, 1905, and that at that time William Guyer had no interest in the real estate, except a life estate therein reserved by the deed, and that, therefore, the mortgage was not a lien on the lands.

To the second paragraph of answer, the appellant replied specifically, repeating the history of the transaction and the origin and nature of the chattel mortgage, substantially as alleged in the special paragraph of reply to the first paragraph of answer, and alleging further that on September 28, 1905, William Guyer executed the notes, and he and his wife executed the real estate mortgage, and delivered them into the possession of the trust company, and that the trust company held them pending the approval of the contemplated loan by the executive committee of the trust company, and the examination and approval of the title to the real estate, and under an agreement to make the loan when approved as aforesaid; that the answering defendants took and accepted the deed with full notice and knowledge of the facts alleged in the reply; that at the time of the execution of the deed on October 10, Charles B. Guyer executed to John Guyer and Sallie Katie Guyer a mortgage on his interest in the lands under the deed, to protect him against the lien of the mortgage so held by the trust company.

These answers and replies were not tested in the trial court by demurrer or otherwise, and their sufficiency is not challenged in this court. The issues so joined were tried by the court, and on request, the court made and filed a special finding of the facts with conclusions of law stated thereon.

The conclusions of law are as follows: "1. That the law of the case is with the plaintiff upon the facts above found. 2. That the plaintiff is entitled to recover upon the notes, copies of which are exhibited with the complaint in this cause, against William Guyer. 3. That the plaintiff is entitled to a decree of this court foreclosing the mortgage exhibited with the complaint in this cause against all the defendants." On the findings and conclusions of law, the court entered judgment in favor of appellee, the Union Trust Company of Indianapolis, trustee, for the use and benefit of the Union Trust Company of Indianapolis, against appellant William Guyer, in the sum of $1,812.34, and decreed the foreclosure of the mortgage against all the appellants. Appellant, William Guyer, filed a motion for a new trial, which was overrruled. The other appellants did not file a motion for a new trial.

All the appellants assign error in the following form: "The appellants aver that there is error in the proceedings, and judgment in the said cause, in this: 1. The complaint of the appellee does not state facts sufficient to constitute a cause of action. 2. The court erred in the conclusions of law stated upon the special findings of fact. 3. The court erred in overruling the appellants' motion for a new trial." As hereinbefore indicated, appellants have waived the error first assigned by not discussing it in their brief. And, as we have said, the only motion for a new trial appearing in the record is the sole and separate motion of the appellant, William Guyer. The error assigned is joint, and there is no separate assignment by appellant William Guyer. Under such circumstances, the third assignment of error that the court erred in overruling the appellants' motion for a new trial presents no question. *Fowler* v. *Newsom* (1910), 174 Ind. 104, 90 N. E. 9; *Meyer* v. *Meyer* (1900), 155 Ind. 569, 58 N. E. 842; *Gough* v. *State, ex rel.* (1903), 32 Ind. App. 22, 68 N. E. 1043; *Johnson* v. *Blair* (1904), 32 Ind. App.

456, 70 N. E. 85; *Earhart* v. *Farmers Creamery* (1897), 148 Ind. 79, 47 N. E. 226; *Louisville, etc., R. Co.* v. *Smoot* (1893), 135 Ind. 220, 33 N. E. 905, 34 N. E. 1002; *Arbuckle* v. *Swim* (1890), 123 Ind. 208, 24 N. E. 105. This leaves for our consideration only the second assignment of error. As has been indicated, the assignment of errors is joint as to parties. The second assignment is also joint as to the conclusions of law, and is therefore joint both as to parties and as to said conclusions. Such being the state of the record, we merely suggest whether the second assign- ment presents any question, in view of the fact that the second conclusion evidently affects William Guyer as an individual, and his coappellants as a class, severally rather than jointly, and in view of the further fact that while Sallie Katie Guyer joins in assigning error, she did not join in the first paragraph of answer, which is the only paragraph of answer pleaded against the asserted right to recover on the notes and against which paragraph of an- swer the second conclusion of law is stated. As Sallie Katie Guyer is not combating the right to recover on the notes, can she he heard to say that the second conclusion of law affects her?

We proceed, however, to consider the conclusions of law on their merits. It will be remembered that appellants contend that appellee's right to recover on the notes 3. is defeated by reason of its alleged negligence in causing the chattel mortgage to be recorded. Appel- lants contend also that the negligence and the alleged con- sequent injury to appellant William Guyer were adjudi- cated in the voluntary assignment proceeding, and that such issue of former adjudication is presented by the first para- graph of answer. This paragraph of answer is not suffi- cient to present such issue. It gives us no information re- specting who were parties to the proceeding, except what may be gathered from the petition filed in the name of the trust company. There is nothing in the answer to show

that William Guyer or any other appellant was a party to
the petition or to the proceedings, save in the restricted
sense in which the assignee may be said to have represented
Charles B. Guyer, the failing debtor.    This paragraph of
answer does not show what pleadings were filed or what
issues were formed between appellee and William Guyer
or any other appellant.    Without an issue, or a challenge to
an issue between two parties, there can be no adjudication
between them.    Woolen, Trial Proc. §1852, *et seq.;* 1 Works'
Practice §605.    Moreover, if it should be conceded that
both William Guyer and the trust company were parties
to the assignment proceeding, there is nothing in the second
paragraph of answer or in the record to indicate that any
issue was formed between them on the question of whether
the chattel mortgage was recorded within the time required
by the statute, and if not, through whose negligence or viola-
tion of duty there was a failure to file it for record within
such time.    From the very nature of the situation, it would
seem that they could not be arrayed the one against the
other on the question.    In that proceeding, if both were
interested, they were certainly interested in enforcing rather
than in destroying such chattel mortgage; but, assuming
that they were arrayed on the same side of the proceeding,
unless there was an issue formed between them involving
the validity of the chattel mortgage and involving the negli-
gent failure to file it for record, in which charges were
made by the one against the other, while such proceedings
might result in an adjudication of these questions as be-
tween either or both of them and the party or parties
opposed to them, it could not result in such an adjudication
as between either of them and the other.    *Finley* v. *Cathcart*
(1898), 149 Ind. 470, 478, 48 N. E. 586, 49 N. E. 381, 63
Am. St. 292;    *Jones* v. *Vert* (1889), 121 Ind. 140, 22 N. E.
882, 16 Am. St. 379; *Harvey* v. *Osborn* (1877), 55 Ind. 535;
*Westfield Gas Co.* v. *Noblesville, etc., Grav. Road Co.* (1895),
13 Ind. App. 481, 41 N. E. 955, 55 Am. St. 244; *Leaman* v.

*Sample* (1883), 91 Ind. 236; 23 Am. and Eng. Ency. Law 731, 732, 737, 738; 2 Van Fleet, Former Adjudication §424; Wells, Res Adjudicata §§14, 16.

Moreover, as we have said, the so-called certificate of acknowledgment to such chattel mortgage is in form as follows: "In witness whereof, the mortgagors have hereunto set their hands and seals this 3rd day of October, 1905." As a prerequisite to the recording of such an instrument, it is provided that it "shall be acknowledged as provided in cases of deeds of conveyance." §7472 Burns 1908, Acts 1897 p. 240. The statutory provision respecting acknowledgment and the form of certificate in case of a deed of conveyance is as follows: "The following, or any other form substantially the same, shall be a good and sufficient acknowledgment of any deed or mortgage. Before me, E. F. [a judge or justice, as the case may be], this —— day of ——————, A. B. acknowledged the execution of the annexed deed [or mortgage, as the case may be.]" §3982 Burns 1908, §2947 R. S. 1881. Conceding that the statute should be liberally construed, and that only a substantial compliance with its terms is required, still it is evident that the alleged certificate of acknowledgment is totally lacking in the features essential to its validity and sufficiency as such. It may be construed as a statement by the notary that the mortgagors signed it, but there is no certificate that the mortgagors acknowledged the signing or execution of the instrument. The certificate is invalid under the following authorities: *Dewey* v. *Campau* (1857), 4 Mich. 565; *Blair* v. *Sayre* (1887), 29 W. Va. 604, 2 S. E. 97; *Watson* v. *Michael* (1883), 21 W. Va. 568; *White* v. *Magarahan* (1891), 87 Ga. 217, 13 S. E. 509; *Henderson* v. *Grewell* (1857), 8 Cal. 581; *Bryan* v. *Ramirez* (1857), 8 Cal. 461, 68 Am. Dec. 340; *Hughes* v. *Morris* (1892), 110 Mo. 306, 19 S. W. 481; *Hockman* v. *McClanahan* (1890), 87 Va. 33, 12 S. E. 230; *O'Ferrall* v. *Simplot* (1853), 4 Green (Iowa) 162; *Reynolds* v. *Kingsbury* (1863),

15 Iowa 238; *Brinton* v. *Seevers* (1861), 12 Iowa 389; *Sutton* v. *Pollard* (1891), 16 S. W. (Ky.) 126; *Spitznagle* v. *Vanhessch* (1882), 14 N. W. (Neb.) 417; *Becker* v. *Anderson* (1881), 11 Neb. 493, 9 N. W. 640; *Smith* v. *Garden* (1871), 28 Wis. 685; *Roanes* v. *Archer* (1833), 4 Leigh (Va.) 550; *Westhafer* v. *Patterson* (1889), 120 Ind. 459, 22 N. E. 414, 16 Am. St. 330; *Mays* v. *Hedges* (1881), 79 Ind. 288; 1 Cyc. 672, *et seq.; Trerise* v. *Bottego* (1905), 108 Am. St. 563, note. Under such circumstances, the chattel mortgage was not entitled to be recorded, and even though recorded within ten days after its execution, it would be valid only between the parties to it, and would be invalid as against any other person, even though such person had actual notice of its existence. *Ross* v. *Menefee* (1890), 125 Ind. 432, 439, 25 N. E. 545; *Lockwood* v. *Slevin* (1866), 26 Ind. 124; *Kennedy* v. *Shaw* (1872), 38 Ind. 474; *Sidener* v. *Bible* (1873), 43 Ind. 230; §7472 Burns 1908, *supra.*

It is not claimed that the trust company was charged with the duty of procuring the proper acknowledgment of such chattel mortgage or with any consequent negligence in failing to perform such duty. The negligence charged is the alleged failure of the trust company to file the instrument for record within ten days after its execution. From what has been said, it is apparent that actionable negligence could not be predicated on such negligent failure, for the reason that no injury could result therefrom to William Guyer or to any other appellant. The recording of an instrument with such an apparent absence of acknowledgment could not give it any potency as between the parties thereto, or as against third persons, that it did not already have, not having been recorded. It follows that the facts stated in the first paragraph of answer, if proven would not constitute a defense to this action on the theory of the negligent failure to record the instrument. Moreover, on the issue of former adjudication, if presented, the burden was on appellants. As

has been said, the trial court made a special finding of facts to which appellants excepted, and thereby admitted, for the purposes of the exception, that the facts which were within the issues, were fully and correctly found. *Ray* v. *Baker* (1905), 165 Ind. 74, 74 N. E. 619; *Kisling* v. *Barrett* (1904), 34 Ind. App. 304, 71 N. E. 507. The ruling on the motion for a new trial not being properly presented, such findings are not tested by such motion. *Kisling* v. *Barrett, supra.* In harmony with the allegations of the reply to the first paragraph of answer, the court found in substance that in the assignment proceeding, James W. Harper was acting for William Guyer, rather than for the trust company, and that the latter was merely a nominal party to the proceeding, William Guyer being the real party in interest. The court found also that in the assignment proceeding, it was adjudicated that the chattel mortgage was not a lien on the personal property, for the reason that it was not filed for record within ten days of its execution. There is no finding by the trial court that in the assignment proceeding, it was adjudicated that the trust company was charged with any duty respecting the chattel mortgage or that the fact that it was not filed for record within ten days of its execution, was occasioned by the trust company's negligent failure to perform such a duty, or that the adjudication was based on any issue formed between appellee and William Guyer or any other defendant. The findings, therefore, in so far as concerns the issue of former adjudication, are consistent with and support the second conclusion of law.

It being determined that the question respecting the validity of the chattel mortgage as against third persons, based on whether it was recorded within ten days from its execution was not adjudicated in the assignment proceeding as between the parties to this proceeding, and that the findings of the trial court do not go to that extent, we next take up the matter from another viewpoint, as determined

by the trial court. The statute provides in substance that no mortgage of personal property shall be valid aganist any other person than the parties thereto, when such personal property is not delivered to and retained by the mortgagee, unless such mortgage shall be acknowledged, as provided in case of deeds of conveyance, and recorded within ten days after the execution thereof in the recorder's office of the county where the mortgagor resides. §7472 Burns 1908, *supra.* The execution of an instrument 11. is completed by its delivery. Said chattel mortgage is dated October 3, 1905, and, in the absence of a showing to the contrary, it is presumed to have been executed on that date. However, it is always permissible to show the true date of execution of such an instrument, and to that end to show when it was delivered, even though the date thus established is different from the date which the instrument bears on its face. *Hornbrook* v. *Hetzel* (1901), 27 Ind. App. 79, 60 N. E. 965; *John Shillito Co.* v. *McConnell* (1891), 130 Ind. 41, 26 N. E. 832; *Briggs* v. *Fleming* (1887), 112 Ind. 313, 14 N. E. 86; *Davar* v. *Cardwell* (1867), 27 Ind. 478. The trial court expressly found that the chattel mortgage, bearing date as aforesaid, was not delivered to the trust company until November 13, 1905, and that it was filed for record and recorded on November 14, 1905. Such finding is controlling on the issue involved and as a consequence, there was no negligence or omission of duty in the matter of recording the chattel mortgage, assuming that it was the duty of the trust company to record it.

We have yet to consider the question of the discrepancy in the name or characterization of the trust company, as used in the various pleadings and instruments. The facts are as follows: The suit is brought in the name of the Union Trust Company of Indianapolis, trustee. The notes, by the terms thereof, are made payable to the Union Trust

Company of Indianapolis, or order, at the office of the
Union Trust Company of Indianapolis, Indiana. The real
estate mortgage is made to the Union Trust Company
of Indianapolis, Indiana, trustee, as mortgagee, and the
mortgage provides that the notes therein described are pay-
able to the mortgagee. The mortgage also contains a pro-
vision by which the mortgagors expressly agree to pay all
and singular the sums of money secured by the mortgage.
The notes and also the mortgage were introduced in evidence
by appellee on the trial of the cause without objection. The
chattel mortgage, with reference to which appellants con-
structed their defense, as set out in the first paragraph of
answer, is made to the Union Trust Company of Indian-
apolis, as mortgagee, and describes the notes as being exe-
cuted to the Union Trust Company. Appellants' defense
of former adjudication is based on the alleged filing of the
petition in the assignee proceeding by the Union Trust
Company. Unless an effect to the contrary must be given
to the fact that the term "trustee" is appended to the
name of the trust company as it appears in the caption to
the complaint, the special findings are sufficient to sustain
a conclusion of law that there should be a recovery on the
notes as against William Guyer. The court by its decree
entered on its conclusions of law adjudged that the appellee,
the Union Trust Company of Indianapolis, trustee, should
have and recover of appellant, William Guyer, for the use
and benefit of the Union Trust Company of Indianapolis,
the sum of $1,812.34, and decreed the foreclosure of the
mortgage as against all the appellants, and the sale of the
real estate therein described, the application of the proceeds
to the payment of the costs and the judgment, and that the
surplus, if any, be paid to the clerk of the court, subject
to the further order of the court.

The statute authorizes a trustee of an express trust to
sue without joining the beneficiary of the trust as a party.

§252 Burns 1908, §252 R. S. 1881. In such case, the complaint should disclose the name of the *cestui que trust,* and facts should be alleged to the effect that the suit is prosecuted for his benefit. *Marion Bond Co.* v. *Mexican Coffee, etc., Co.* (1903), 160 Ind. 558, 65 N. E. 748. In the case at bar it is alleged that the notes were executed by William Guyer to the Union Trust Company of Indianapolis, and the copies of the notes filed as exhibits to the complaint show that the Union Trust Company of Indianapolis is payee therein. The body of the complaint then, with the exhibits shows a cause of action on the notes in favor of the Union Trust Company of Indianapolis, and there is no averment that the appellee is trustee of an express trust, or of any other kind of a trust, or that it is prosecuting this action for the benefit of any third person. Under such circumstances, the term "trustee" appended to the name of the Union Trust Company of Indianapolis, in the caption of the complaint should be treated as mere *discriptio personae.* To this effect are the following authorities: *Marion Bond Co.* v. *Mexican Coffee, etc., Co., supra; Ditton* v. *Hart* (1911), 175 Ind. 181, 184, 93 N. E. 961; *Funk* v. *Davis* (1885), 103 Ind. 281, 285, 2 N. E. 739; *Crawford* v. *Spindler* (1913), *ante* 1, 103 N. E. 388; *Williams* v. *Dougherty* (1906), 37 Ind. App. 449, 77 N. E. 305; *Tate* v. *Shackleford* (1854), 24 Ala. 510, 60 Am. Dec. 498; *Arrington* v. *Hair* (1851), 19 Ala. 243; *Gibson* v. *Land* (1855), 27 Ala. 117, 125; *George* v. *English* (1857), 30 Ala. 582. There are a number of indications in the record that appellants on the trial of the cause treated the term "trustee" as merely descriptive of the person and therefore as surplusage. Among these indications are that appellants permitted the notes and mortgage to be introduced in evidence without objection, as aforesaid, and further, that appellants based their defense as against the notes, on transactions had respecting the chattel mortgage,

made to the Union Trust Company, and the petition filed in the assignment proceeding by or in the name of the trust company. The term "trustee" is not appended to the name of the trust company in either of the documents. *Digan* v. *Mandel* (1906), 167 Ind. 586, 77 N. E. 899, 119 Am. St. 515, is cited by appellants. In that case, Mandel, as the endorsee of Troutman, prosecuted an action on a promissory note against the estate of O'Donnell. O'Donnell was the maker of the note, and the City National Bank of Logansport was the payee thereof. It was alleged in the complaint that in preparing the note, the bank was named as payee, rather than Troutman, through mistake and inadvertence. Issues were formed on the allegations of mistake and inadvertence, and it was held that the specific title must be proven as laid, and that to that end it was incumbent on appellee to prove the allegations. The case cited is distinguishable from the case at bar. In the case at bar, the complaint contains no allegations of mistake or inadvertence, and, as we have shown, neither it nor the sufficiency of the evidence is challenged. The question here is as to the sufficiency of the findings to sustain the conclusions of law. The correctness of the findings is not questioned, and, as we have said, appellants have not only waived their right to challenge the findings, but also, for the purposes of the matters under discussion, are held to concede that the facts are correctly found. Besides, as indicated above, the trust company and appellee, under the record in this case, must be held to be one and the same person, so that it was not necessary that the complaint trace the title to the notes from the former to the latter.

It is urged that there is no specific finding that the notes in suit were delivered. The execution of a written instrument includes its delivery. Delivery is the final step in the execution of such an instrument.

The issue of nonexecution can be raised only by an answer of *non est factum* and no such answer was filed.

Appellee had possession of such notes and introduced them in evidence without objection. There being no issue ·formed respecting the execution of the notes, it was not necessary for the court to find specifically that they were delivered. *Digan* v. *Mandel, supra;* and *Godman* v. *Henby* (1905), 37 Ind. App. 1, 76 N. E. 423, are cited. In each of these cases an answer of *non est factum* was filed.

We hold that the second conclusion of law is properly stated on the special findings. The court expressly found that there was no consideration for the deed executed to certain of the appellants on October 10, 1905, other than love and affection, and that the grantees thereto took and accepted the deed with notice. Under such circumstances, the second conclusion of law being properly stated, it is not contended that the first and third are not justified by the findings.

There is no error in the record that warrants a reversal and the judgment below is affirmed.

NOTE.—Reported in 104 N. E. 82. As to what will release surety, see 28 Am. St. 691. As to the general requirements for validity in respect of judgments, see 112 Am. St. 22. For a discussion of the effectiveness as notice of a recorded instrument not entitled to record, see Ann. Cas. 1913 B 1070. See, also, under (1) 3 Cyc. 388; (2) 2 Cyc. 1003; (3) 23 Cyc. 1527; (4) 1 Cyc. 591; (5) 1 Cyc. 528; (6) 27 Cyc. 1549; (7) 23 Cyc. 1532; (8) 38 Cyc. 1992; (9) 38 Cyc. 999; (10) 38 Cyc. 1986; (11) 6 Cyc. 1007, 1008; (12) 39 Cyc. 458; (13) 31 Cyc. 99; (14) 8 Cyc. 155.